Philip A. McHugh, for appellants.

L. H. Bancroft, U. S. Atty., of Richland Center, Wis., for the United States.

Before ALSCHULER, EVANS, and SPARKS, Circuit Judges.

EVANS, Circuit Judge.

Appellants were convicted and sentenced on a charge of conspiring to commit an offense in alleged violation of section 37 of the Criminal Code (18 USCA § 88). They appealed to this court. Pending the appeal, they applied for and secured leave to have the record returned while they presented a motion for a new trial. The motion was denied, and the appeal was again presented to this court. No bill of exceptions was ever settled, and ultimately the appeal was dismissed. The Supreme Court denied an application for a writ of certiorari. While serving their sentences, appellants filed a petition for a writ of habeas corpus and moved for the issuance of the writ. The District Court denied the petition April 4, 1931. Upon the same day, an appeal was prayed, which apparently was not allowed. On July 1st, the court made three orders. One order granted leave to petitioners to amend the petition for a writ of habeas corpus. Another order denied petitioners' motion to reopen the cause for additional proofs. The third order read: "It Is Ordered by the Court that said appeal be and hereby is allowed."

The order authorizing the appeal does not say from what order the appeal is taken. Appellants, in their prayer for appeal, failed to state from what order the appeal was sought. They said:

"* * * Petitioners * * *

"Hereby Respectfully Pray that an order may be forthwith made and entered allowing petitioners to appeal to the United

---

## Ex parte O'LEARY et al.

## O'LEARY et al. v. UNITED STATES.

### No. 4602.

Circuit Court of Appeals, Seventh Circuit.

Oct. 29, 1931.

States Circuit Court of Appeals for the Seventh Circuit, for the reasons more particularly set forth in Assignment of Errors filed herein, and that a transcript of the record and proceedings taken in this cause, duly authenticated may be sent to the said United States Circuit Court of Appeals for the Seventh Circuit, pursuant to the Rules of this court and of the last named Appellate court."

█ The assignments of error referred to related to the order of the 4th of April, which order denied appellants' petition for the issuance of a writ of habeas corpus. But such order was not a final disposition of the habeas corpus proceedings, and therefore was not appealable.

Moreover, petitioners' application to amend their petition on July 1st, followed by the granting of their motion, left the record with the cause still pending in the District Court. The transcript does not contain the petition upon which the court acted in April. We are therefore unable to pass upon the sufficiency of that petition. It necessarily follows that there is no appealable order before us for review, nor is there a record which presents the question appellants desire us to review.

However, we are going to assume that the question is properly before us that we may consider the merits of appellants' case. The asserted basis for the writ is the insufficiency of the indictment upon which appellants were convicted and sentenced. The attack upon the indictment is predicated upon the ruling of the court in United States v. Dietrich (C. C.) 126 F. 664, and is directed to the proposition that a conspiracy to commit the crime of bribery by two persons, who are the alleged conspirators, fails if it be shown that the bribery has been completed.

It seems to us, however, that the decision in United States v. Holte, 236 U. S. 140, 145, 35 S. Ct. 271, 59 L. Ed. 504, L. R. A. 1915D, 281, disposes of the question contrary to the contention of appellants. Reference to the decisions of other courts is hardly necessary in view of the language of the Supreme Court in this case. It is true that there was a dissenting opinion in this case, adopted by two judges, which relied in part upon the decision of United States v. Dietrich, supra. But the language of the majority opinion governs and is binding upon us. In the majority opinion, on page 145 of 236 U. S., 35 S. Ct. 271, 272, the court says: "But a conspiracy with an officer or

employé of the government or any other for an offence that only he could commit has been held for many years to fall within the conspiracy section, now section 37, of the Penal Code. United States v. Martin, 4 Cliff. 156, 164 [Fed. Cas. No. 15,728]; United States v. Bayer, 4 Dill. 407, 410 [Fed. Cas. No. 14,547]; United States v. Stevens [D. C.] 44 F. 132, 140; State v. Huegin, 110 Wis. 189, 246 [85 N. W. 1046, 62 L. R. A. 700]."

To the cases cited might be added others. See note 4 to section 91, title 18, USCA.

██ To determine whether only the officer could commit the offense which was one of the objects of the conspiracy, we must look to the statutes. Section 207, title 18, USCA, defines the offense of an officer accepting a bribe. Only the *officer receiving the money* is guilty of the offense defined. Section 91, title 18, USCA, defines the offense of bribing a United States officer. Only the person who gives the bribe is guilty of the offense therein defined.

█ Appellants' argument necessarily assumed that the conspirators named in this indictment were both participants in the crime of accepting a bribe or in the crime of giving the bribe. Inasmuch as one section defines a crime and restricts the offender to the recipient, and the other section restricts the offender to the giver, the contention is fallacious. In other words, applying the language of Justice Holmes in the Holte Case, "only the government employé could commit the act which was the object of the conspiracy." There could therefore be a conspiracy between one not an officer and the said officer to commit the crime which the said officer alone could commit.

Moreover, a vital fact distinction exists between the instant and the Dietrich Case. The indictment here under consideration charged Sullivan and O'Leary with having conspired to commit an offense against the United States. The details of the conspiracy are set forth in the following language:

"That the said defendant John F. L. O'Leary, was * * * a person acting for and on behalf of the United States in an official capacity, to wit: as Regional adjudication officer of the United States Veterans' Bureau * * *, and * * * had pending before him, * * *, a claim of one William Morrell against the United States for compensation for physical disability alleged to have been incurred by the said Wil-

liam Morrell in the Military Service of the United States; that the said defendant, Henry J. Sullivan, was then and there an attorney at law, duly licensed to practice in the State of Wisconsin.

"That according to said unlawful conspiracy, combination, confederation and agreement, the said defendant, Henry J. Sullivan, was to endeavor to be retained by the said William Morrell as attorney for the said William Morrell in prosecuting the aforesaid claim of the said William Morrell for compensation from the United States and that the said defendant, Henry J. Sullivan, was to offer and give to the said defendant John F. L. O'Leary, and the said defendant John F. L. O'Leary was to accept and receive a sum of money, to wit: one-quarter of the total amount of money which might be collected for and paid to the said William Morrell as and for compensation * * *, upon the aforesaid claim of William Morrell, with the intent on the part of the said defendant Henry J. Sullivan to thereby influence the said defendant John F. L. O'Leary, and with the intent on the part of the said John F. L. O'Leary to be influenced thereby in his, the said defendant John F. L. O'Leary's official capacity as such Regional Adjudication officer * * *, in approving or disapproving the claim of the said William Morrell for compensation as aforesaid, and that for and in consideration of the payment to be made by the said defendant Henry J. Sullivan to the said defendant John F. L. O'Leary, the said defendant John F. L. O'Leary, would in his official capacity as aforesaid, approve, or cause to be approved payment of the said claim of William Morrell; * * *."

Numerous overt acts are alleged.

It will thus be seen that the conspiracy with which the appellants were charged involved the participation of one Morrell.

It was not, as in the Dietrich Case, a conspiracy, the accomplishment of which depended solely upon the two parties, the bribe giver and the bribe recipient. The distinction between the two cases is stressed in the opinion in the Dietrich Case, where it is said (page 666 of 126 F.): "* * * The charge [in the Dietrich Case] is not that two or more persons agreed among themselves to corruptly obtain the aid of another, a member of Congress, in securing the appointment of some aspirant to a federal office, nor is it that two or more members of Congress agreed among themselves to obtain from another person a reward or compensation for their services or aid in securing such an appointment. *Such an agreement would constitute a conspiracy to commit an offense against the United States, and, if followed by the doing of any act by one of the conspirators to effect its object, would be punishable under section 5440.* * * * The agreement or transaction stated in this indictment was immediately and only between two persons * * *."

There is an additional reason why the writ should not issue so far as the petitioner O'Leary is concerned. Prior to the hearing of this appeal, he was discharged from the custody of the jailor, his full term of imprisonment having been served.

The appeal is dismissed.