**UNITED STATES of America,**

v.

**Harold SIMON and Saul I. Birnbaum, Defendants.**

United States District Court
S. D. New York.

March 6, 1962.

**54**

--- ◆ ---

Robert M. Morgenthau, U. S. Atty., for Southern Dist. of New York, New York City, for United States, Edward Brodsky, Asst. U. S. Atty., New York City, of counsel.

Moses L. Kove, New York City, for defendant, Harold Simon.

Joseph E. Brill, New York City, for defendant, Saul I. Birnbaum.

WEINFELD, District Judge.

### MOTION BY DEFENDANT BIRNBAUM TO DISMISS COUNT 1, THE CONSPIRACY COUNT

■ The conspiracy count is not limited to a charge that the defendants Simon and Birnbaum conspired to violate the bribery statute, 18 U.S.C. §§ 201, 202; it also charges that it was part of the conspiracy that the defendant Simon, an Internal Revenue officer, under color of his official duties, would corruptly examine certain tax returns, in violation of 26 U.S.C. § 7214. The latter offense does not require concert of action; it can be committed unilaterally by a revenue officer. Accordingly, United States v. Sager, 49 F.2d 725 (2d Cir. 1931), relied upon by the defendant, is inapplicable and the indictment as pleaded is saved from dismissal.[1]

The motion is denied.

### MOTIONS BY THE DEFENDANTS FOR BILLS OF PARTICULARS

■ Each defendant, with respect to the conspiracy count, seeks details as to the date and place he entered into the conspiracy; the names of all persons including, but not limited to, the named co-conspirators with whom the Government contends he entered into the conspiracy; the manner in which he participated in the formation of the conspiracy; the source of the bribes given to the defendant Simon; whether others than the individual named in overt act 2 actually gave money, gifts or gratuities to the defendant Simon; and the dates, places and descriptions of such payments or gifts. These and other particulars requested by the defendants go far beyond that to which they are entitled. They suggest that a conspiracy is a matter of formal or written agreement with a definition of the terms of the conspiracy and a specification of the means whereby it is to be carried out.

As is well known, the existence of a conspiracy and a defendant's participation therein is usually established by circumstantial evidence based upon independent proof of each alleged co-conspirator's acts, conduct and statements and the totality of conduct of all the participants and the reasonable inferences to be drawn therefrom. Particulars as to

---

1. United States v. Center Veal & Beef Co., 162 F.2d 766, 770 (2d Cir. 1947); United States v. Zeuli, 137 F.2d 845, 846 (2d Cir. 1943); United States v. Stromberg, 22 F.R.D. 513 (S.D.N.Y.1957). Cf. May v. United States, 84 U.S.App.D.C. 233, 175 F.2d 994, 1004 (D.C.Cir.), cert. denied, 338 U.S. 830, 70 S.Ct. 58, 94 L.Ed. 505 (1949).

the formation of the conspiracy have almost uniformly been denied.[2] To grant the numerous and specific particulars sought on this subject would unduly restrict the Government's proof.[3]

■ Defendant Birnbaum also seeks details as to whether it is claimed he was present when the co-defendant allegedly committed acts in furtherance of the conspiracy. If the conduct of a co-conspirator was in furtherance of the conspiracy and committed during its existence, then it is immaterial whether other alleged co-conspirators were present.[4] To require the Government to furnish the minutiae sought under the conspiracy and substantive counts would be tantamount to a preview of its case in advance of trial and compel a disclosure of its evidence including, in some instances, the names of witnesses.

■ The motions are granted only to the extent of requiring the Government to serve a bill of particulars setting forth the following:

*COUNT 1:*

(a) The sums the defendant Simon was authorized by law to receive and the applicable section thereof.

(b) The approximate date of overt act 1 and the substance of the conversation referred to therein.

*COUNT 2:*

The approximate date or dates and place or places where the defendant Simon committed the acts referred to therein.

*COUNT 3:*

The approximate date or dates and place or places where the defendant Birnbaum committed the acts referred to therein.

*COUNT 4:*

The place or places where the defendant Simon committed the acts referred to therein.

## MOTIONS BY THE DEFENDANTS FOR DISCOVERY AND INSPECTION

■ The defendants move for inspection and copying of the books and accounts, records, bank statements, cancelled checks and tax returns of McGrath Securities Corporation for the years 1953 through 1956 and similar personal records of two individuals who are named as co-conspirators but not as defendants. The defendants' attorneys allege, upon information and belief, that the Government obtained the requested records by seizure or process. The Government opposes the motion on two grounds, each of which appears meritorious. First, it denies that the records were obtained from the third parties by seizure or process. The defendants have not shown otherwise and accordingly upon this ground the motion, insofar as it is made under Rule 16, should be denied.[5] Further, the defendants have not established that the requested records are material, let alone necessary,[6] to the defense or its preparation. The defendants' requests for inspection suggest that they regard the

2. United States v. Bonanno, 177 F.Supp. 106, 119 n. 14 (S.D.N.Y.1959); United States v. Lieberman, 15 F.R.D. 278, 281 (S.D.N.Y.1953); United States v. Van Wagenen-Sager, Inc., 34 F.Supp. 735 (N. D.N.Y.1940).

3. See Blumenthal v. United States, 332 U. S. 539, 557, 68 S.Ct. 248, 92 L.Ed. 154 (1947).

4. See Lutwak v. United States, 344 U.S. 604, 617, 73 S.Ct. 481, 97 L.Ed. 593 (1953); United States v. Gooding, 12 Wheat. 460, 469–470, 25 U.S. 460, 469–470 (1827); May v. United States, 84

U.S.App.D.C. 233, 175 F.2d 994, 1007, 1008 (D.C.Cir.), cert. denied, 338 U.S. 830, 70 S.Ct. 58, 94 L.Ed. 505 (1949).

5. United States v. Rosenberg, 10 F.R.D. 521, 523 (S.D.N.Y.1950).

6. Discovery and production of documents obtained from others by seizure or process may be had under Fed.R.Crim.Proc. Rule 16, 18 U.S.C. upon "a showing that the items sought may be material to the preparation of his defense * * *." As to the necessity which must premise a motion under Rule 17(c), see United States v. Iozia, 13 F.R.D. 335, 338 (1952).

charges as grounded on tax evasion by those taxpayers whose returns are mentioned in the conspiracy and substantive counts and that an essential issue is the accuracy of those returns. However, the essence of the conspiracy charge is the agreement on the part of the two defendants herein—a revenue officer and a certified public accountant—and the individual co-conspirators (not named as defendants) whose records are here sought for inspection to violate the bribery statute [7] and a Federal statute [8] intended to assure the integrity of revenue officers of the United States by prohibiting specific departures from standards of conduct applicable to their offices.[9] The second and fourth substantive counts charge that the revenue agent demanded and received a fee for the performance of his duty in the determination of taxes due from the corporation and the individual taxpayer. The third count charges that the accountant gave the revenue agent money and securities to influence his decision with respect to determination of the taxes due from the individual taxpayers.

Thus, the essence of the crimes charged is that a public official, the revenue agent, demanded and received a bribe in connection with the performance of his duties; that the other defendant paid the bribe to the official to corruptly influence his judgment; and that both conspired so to do. The hard core of the charges is the claimed corruption of conduct of the Internal Revenue agent and the illicit methods used to deprive the Government of his honest and impartial judgment in the performance of his duties.[10] Consequently, it does not appear that the books and records of those whose tax returns were the subject of examination by the agent are necessary for the preparation of the defense. The fact that the agent's official acts may have been proper or that the returns, with respect to which his action or nonaction was secured by the means condemned under the statutes, were correct or fraudulent, or whether taxes were due or not due, is immaterial to the charges if other elements are established.[11]

Accordingly, the motions are denied.

---

7. 18 U.S.C. §§ 201, 202.

8. 26 U.S.C. § 7214.

9. See United States v. Waldin, 253 F.2d 551, 553 (3d Cir.), cert. denied, 356 U.S. 973, 78 S.Ct. 1136, 2 L.Ed.2d 1147 (1958).

10. United States v. Witt, 215 F.2d 580 (2d Cir.), cert. denied, Talanker v. United States, 348 U.S. 887, 75 S.Ct. 207, 99 L. Ed. 697 (1954); United States v. Ganey, 187 F.2d 541 (2d Cir. 1951) (Per Curiam).

11. United States v. Grunewald, 233 F.2d 556, 568 (2d Cir. 1956), rev'd on other grounds, 353 U.S. 391, 77 S.Ct. 963, 1 L.Ed.2d 931 (1957); May v. United States, 84 U.S.App.D.C. 233, 175 F.2d 994, 1006 (D.C.Cir.), cert. denied, 338 U.S. 830, 70 S.Ct. 58, 94 L.Ed. 505 (1949); United States v. Manton, 107 F. 2d 834, 846 (2d Cir. 1938), cert. denied, 309 U.S. 664, 60 S.Ct. 590, 84 L.Ed. 1012 (1940).