**UNITED STATES of America,**
v.
**Henry R. DEAN, Defendant.**
**No. 65 Cr. 960.**

United States District Court
S. D. New York.
Feb. 23, 1966.

Robert M. Morgenthau, U.S. Atty., for S.D. New York, New York City, for the United States. Michael W. Mitchell, Asst. U.S. Atty., of counsel.

Finke, Jacobs & Hirsch, New York City, for defendant. Henry G. Singer, Brooklyn, N.Y., of counsel.

## MEMORANDUM

WEINFELD, District Judge.

■ The motion for a bill of particulars is granted to the extent of requiring the government to set forth:

(1) the approximate date and the approximate time of the day when the defendant received the sum of $100, as alleged in count 1 of the indictment;

(2) the person or persons from whom defendant received the aforesaid sum;

(3) the place where, with a sufficient and adequate description thereof, the defendant received the aforesaid sum;

(4) whether the payment was made by cash or check, or both; if by both, specify how much in cash and how much by check.

■ Since the charge here is the receipt of unauthorized moneys for the performance of official duty, the contents of the income tax return, whether correct or incorrect, is immaterial.[1]

The particulars ordered, together with the information contained in the indictment, are clearly sufficient to enable the defendant to prepare for trial and to afford the basis for any plea in bar of any subsequent prosecution for the same offense:[2] accordingly, the balance of the motion is denied.

The motion made under Rule 16 of the Federal Rules of Criminal Procedure is denied since the showing required under the Rule is not made, and in addition the government denies possession of any documents producible thereunder.

■ The alternative motion made under Rule 17(c) is likewise denied. Here again request is made for documents, the relevancy and materiality of which is extremely questionable upon the issues presented by the charge and, if at all relevant and subpoenaed for trial, it is clear, in view of their nature, that an inspection at that time will not unreasonably delay the trial.[3]

---

[1]. See United States v. Kenner, 36 F.R.D. 391, 394 (S.D.N.Y.1965); United States v. Simon, 30 F.R.D. 53, 55–56 (S.D.N.Y. 1962).

[2]. Cf. United States v. Debrow, 346 U.S. 374, 376, 74 S.Ct. 113, 98 L.Ed. 92 (1953); Wong Tai v. United States, 273 U.S. 71, 77, 80–81, 47 S.Ct. 300, 71 L.Ed. 545 (1927); United States v. Miller, 246 F.2d 486, 488–489 (2d Cir.), cert. denied, 355 U.S. 905, 78 S.Ct. 332, 2 L.Ed.2d 261 (1957).

[3]. Cf. United States v. Iozia, 13 F.R.D. 335 (S.D.N.Y.1952).