UNITED STATES of America,
Appellee,

v.

Eugene KENNER, Appellant.

No. 73, Docket 29760.

United States Court of Appeals
Second Circuit.

Argued Oct. 4, 1965.

Decided Dec. 15, 1965.

Certiorari Denied March 28, 1966.
See 86 S.Ct. 1223.

Hugh C. Humphreys, Asst. U. S. Atty., New York City (Robert M. Morgenthau, U. S. Atty., for the S. D. of New York and Pierre N. Leval, Asst. U. S. Atty., New York City, on the brief), for appellee.

James A. Cuddihy, New York City (John A. Keeffe, Herbert J. Korbel, and Havens, Wandless, Stitt & Tighe, New York City, of counsel), for appellant.

Before WATERMAN, HAYS and ANDERSON, Circuit Judges.

HAYS, Circuit Judge:

Kenner appeals from a judgment of conviction entered upon a jury verdict finding him guilty of violating 18 U.S.C. § 201(f) (two counts) and of aiding and abetting (18 U.S.C. § 2(a)) violations of 26 U.S.C. § 7214(a)(2)[1] (five counts).

---

1. These statutes provide in relevant part:

*18 U.S.C. § 201(f):*
§ 201. Bribery of public officials and witnesses.
Whoever, otherwise than as provided by law for the proper discharge of official duty, directly or indirectly gives, offers, or promises anything of value to any public official, former public official, or person selected to be a public official, for or because of any official act performed or to be performed by such public official, former public official, or person selected to be a public official.
Shall be fined not more than $10,000 or imprisoned for not more than two years, or both.

*18 U.S.C. § 2(a):*
§ 2. Principals.
(a) Whoever commits an offense against the United States or aids, abets, counsels, commands, induces or procures its commission, is punishable as a principal.

*26 U.S.C. § 7214(a):*
§ 7214. Offenses by officers and employees of the United States.
(a) Unlawful acts of revenue officers or agents.
Any officer or employee of the United States acting in connection with any revenue law of the United States—
*     *     *     *     *
(2) who knowingly demands other or greater sums than are authorized by

Kenner was sentenced to imprisonment of one year on each of the seven counts on which he was convicted, the sentences to run concurrently.

The offenses of which Kenner was convicted consisted essentially of bribery of employees of the Internal Revenue Service. Kenner was a certified public accountant who prepared income tax returns for his clients and represented these clients when their returns were audited by the Service. His criminal activities, as pictured by the government's evidence, all followed a single pattern with only slight variations in individual cases.

Kenner would suggest to an auditor in the office audit division of the Internal Revenue Service in New York that he, the auditor, "pull" for audit X's tax return, X being one of Kenner's clients. This procedure was in itself irregular, since returns were ordinarily assigned to the individual auditors by the group supervisor. Kenner would then propose to the auditor an amount of deduction for business expenses, travel, entertainment, medical expenses or the like which should be disallowed. The auditor, without examining the merits of the proposed amount (or the substantiation for the amounts claimed) would make up his report disallowing the amount which Kenner had suggested. Kenner would then by prearrangement meet the auditor at

some place outside the audit division's offices and, usually in a surreptitious manner, give him fifty or seventy-five dollars.

Appellant advances a number of claims of error in the proceedings of the district court. Finding that there was no error sufficiently prejudicial to call for reversal of the conviction, we affirm.

We shall examine appellant's contentions seriatim.

### ■ 1. *The Allen charge.*

After deliberating for three hours and forty-five minutes the jury sent out a message stating that it was "hopelessly deadlocked." The judge thereupon, over defendant's objection, read to the jury a passage, slightly modified, from the opinion in Allen v. United States, 164 U.S. 492, 501–502, 17 S.Ct. 154, 157, 41 L.Ed. 528 (1896).[2]

This court has in the past approved the Allen charge in certain circumstances. United States v. Tolub, 309 F.2d 286 (2d Cir. 1962); United States v. Curcio, 279 F.2d 681 (2d Cir.), cert. denied, 364 U.S. 824, 81 S.Ct. 59, 5 L.Ed.2d 52 (1960); United States v. Kahaner, 317 F.2d 459, 484 n. 18 (2d Cir.), cert. denied, Corallo v. United States, 375 U.S. 835 84 S.Ct. 62, 11 L.Ed.2d 65 (1963). However, in all of these cases, as well as in United States v. Thomas, 282 F.2d 191 (2d Cir. 1960), which is also cited by the

law, or receives any fee, compensation, or reward, except as by law prescribed, for the performance of any duty;

\*    \*    \*    \*    \*

shall be dismissed from office or discharged from employment and, upon conviction thereof, shall be fined not more than $10,000, or imprisoned not more than 5 years, or both. The court may in its discretion award out of the fine so imposed an amount, not in excess of one-half thereof, for the use of the informer, if any, who shall be ascertained by the judgment of the court. The court also shall render judgment against the said officer or employee for the amount of damages sustained in favor of the party injured, to be collected by execution.

2. "While, undoubtedly, the verdict of the jury should represent the opinion of each individual juror, it by no means follows that opinions may not be changed by conference in the jury-room. The very object of the jury system is to secure unanimity by a comparison of views, and by arguments among the jurors themselves. It certainly cannot be the law that each juror should not listen with deference to arguments and with a distrust of his own view, his own judgment, if he finds a large majority of the jury taking a different view of the case from what he does himself. It cannot be that each juror should go to the jury-room with a blind determination that the verdict shall represent his opinion of the case at that moment; or, that he should close his ears to the arguments of men who are equally honest and equally intelligent as himself."

government, the effect of reading to the jury that part of the Allen opinion which Judge Murphy read, was mitigated by the assurance in some form that a juror was not expected, in deference to the other jurors, to abandon his conscientious convictions.

In United States v. Tolub, which the government says quoted exactly that portion of the Supreme Court's opinion quoted by Judge Murphy, the Judge added immediately after the quotation:

"Remember at all times that no juror is expected to yield a conscientious conviction he or she may have as to the weight or effect of evidence, but remember also that after full deliberation and consideration of all the evidence, it is your duty to agree upon the verdict, if you can do so, without violating your individual judgment and conscience."

In United States v. Kahaner, supra, 317 F.2d at 483–484, Judge Friendly said:

"[The trial judge said in his charge] 'It is desirable if a verdict can be reached that this be done both from the viewpoint of the defendants and the Government', but that this was true only if the verdict 'reflects the conscientious judgment of each juror and under no circumstance must any juror yield his conscientious judgment.' * * *

'It has been a long trial and a trial, as I say, where I am satisfied each side prefers finality of judgment if it can be obtained on the basis of a conscientious reflection of each juror's final vote.' Exceptions of defense counsel were overruled and a motion for a mistrial denied; however, the judge recalled the jury and again emphasized, in a variety of ways, that 'if any individual juror still retains a conscientious view that differs from that of other jurors, * * * you are not to yield your judgment'; 'you are not to yield your judgment simply because you may be outnumbered or outweighed,' etc. * * *

This recital of the facts suffices almost without more to dispose of the characterization, made by one of the appellants, that 'The jury was being coerced by being subjected, in these circumstances, on two separate occasions to the "dynamite" Allen charge.' On the contrary, if the charge is to be given at all, we do not see how this could be done with less tendency to coercion or more emphasis on the need for conscientious individual agreement than in the way Judge Weinfeld did it."

In United States v. Curcio, the trial court read to the jury that part of the Allen opinion which states "that it was their duty to decide the case if they could conscientiously do so."

In United States v. Thomas, the judge said in his charge:

"Your verdict, of course, must be the verdict of each individual juror and not a mere acquiescence in the conclusion of his fellows. * * *"

"It is your duty to decide the case, if you can do so conscientiously."

In the present case the only thing the judge added to the part of the Allen opinion which he read to the jury was the following:

"I am going to suggest that you think about that and go back and try again. You know, what we all try to achieve is unanimity in these cases. I hope that you can do it. I don't mean by reading this charge to coerce some juror who feels that he or she is of this opinion or that but certainly the advice of the Supreme Court should be heeded.

It may be that you can agree on some of the counts and not on others, but whatever is the ultimate decision we will accept it.

I am going to ask you to go back and try again, and if you can't agree, that is it, we have to quit.

So will you please go back and try again?"

We have had grave doubt as to whether the charge thus given was not unduly

coercive. We have concluded that the case is saved from reversal by the barest margin, the margin provided in these circumstances and in this context by the judge's disclaimer of intention to "coerce" and by his expression of willingness to accept "the ultimate decision," whatever it might be.[3]

## 2. The Jencks Act material.

When summations were about to begin on the morning of the day after both sides had rested, defense counsel asked permission to examine one of the government's witnesses to ascertain whether there was material in addition to that already provided, to which defendant would be entitled under the Jencks Act (18 U.S.C. § 3500). The court denied the application. After verdict appellant renewed his application, and it was again denied.[4] Whether or not to permit the case to be reopened for further proceedings was within the discretion of the court. The facts here show no abuse of discretion. See United States v. Sheba Bracelets, Inc., 248 F.2d 134 (2d Cir.), cert. denied, 355 U.S. 904, 78 S.Ct. 330, 2 L.Ed.2d 259 (1957).

## 3. Concurrent sentences.

The remaining contentions of defendant involve 18 U.S.C. § 201(f), which is relevant to two of the counts, and 26 U.S.C. § 7214(a)(2), which applies to the other five counts on which the appellant was convicted. Since the appellant was sentenced to one year's imprisonment on each of the seven counts, all sentences to run concurrently, this court must affirm if it finds that conviction was warranted on any one count. Lawn v. United States, 355 U.S. 339, 359, 362, 78 S.Ct. 311, 2 L.Ed.2d 321 (1958); United States v. Houlihan, 332 F.2d 8, 13–14 (2d Cir.),

cert. denied, 379 U.S. 828, 85 S.Ct. 56, 13 L.Ed.2d 37 (1964).

## 4. 18 U.S.C. § 201(f).

Appellant claims that Section 201 (f) is "unconstitutionally vague." The section has recently been upheld by this Court against an attack on the ground of vagueness. United States v. Irwin, 354 F.2d 192 (2d Cir.1965). It is sufficient to say here that the statute is entirely clear as applied to the conduct with which appellant was charged, whatever its ambit with respect to other matters not involved in the present case.

"[O]ne to whom application of a statute is constitutional will not be heard to attack the statute on the ground that impliedly it might also be taken as applying to other persons or other situations in which its application might be unconstitutional." United States v. Raines, 362 U.S. 17, 21, 80 S.Ct. 519, 522, 4 L.Ed.2d 524 (1960).

Appellant's contention that the evidence failed to establish that the money given to the auditor by appellant was given "for or because of" an official act borders on the frivolous. After arranging for the phony audits, appellant told the auditor that he would contact him. When he did so he surreptitiously delivered an amount which would equal fifty dollars for each such audit. Far from being insufficient the evidence leaves no room for any other conclusion than that the payments were made for the pretended audits. See United States v. Lev, 258 F.2d 9 (2d Cir.), aff'd by an equally divided Court, 360 U.S. 470, 79 S.Ct. 1431, 3 L.Ed.2d 1531, petition for rehearing denied, 361 U.S. 856, 80 S.Ct. 41, 4 L.Ed. 2d 95 (1959).

---

3. We have not considered the affidavit of one of the jurors which was submitted by the defendant to support his allegation of coercion. Stein v. People of State of New York, 346 U.S. 156, 178, 73 S.Ct. 1077, 97 L.Ed. 1522 (1953), overruled in part by Jackson v. Denno, 378 U.S. 368, 391, 84 S.Ct. 1774, 12 L.Ed.2d 908 (1964); United States v. Crosby, 294 F. 2d 928, 949–950 (2d Cir.), cert. denied,

sub nom. Mittleman v. United States, 368 U.S. 984, 82 S.Ct. 599, 7 L.Ed.2d 523 (1962).

4. The government and the witness whose testimony was sought filed affidavits denying that there was any additional material. In the absence of any evidence to the contrary it was not error for the court to refuse the requested voir dire.

Appellant contends that it was error for the judge to fail to charge that in order to convict under Section 201(f) corrupt intent to influence must be found. Examination of Section 201 shows that, although proof of corrupt intent is required for conviction under Subsections (b), (c), (d) and (e), for violation of which the prescribed penalties are much more severe, conviction under Subsection (f) requires only proof that the payment was made "for or because of" the performance of an official act. In any event the appellant is not in any position to raise the point since in the trial court he failed to object to the charge on this ground. United States v. Rinaldi, 301 F. 2d 576, 578 (2d Cir.1962).

5. *26 U.S.C. § 7214(a) (2).*

Appellant was found guilty under 18 U.S.C. § 2 by aiding and abetting certain other defendants in violating 26 U.S.C. § 7214(a)(2). He argues that this was error because the acts which he was charged with aiding and abetting were not violations of § 7214(a)(2).

Appellant's argument is based, first, upon the language of § 7214(a) (2) which prohibits the receipt by an officer or employee of a "fee, compensation, or reward, except as by law prescribed, for the performance of any duty." The sums which appellant was charged with paying were not, he says, a fee, compensation or reward, but a "gratuity." We hold that the language of § 7214(a)(2) is sufficiently broad to include the payments made by appellant.

Appellant's contention that § 7214(a)(2) is "a historical vestige, re-enacted through apparent oversight" is negatived by the fact that when Section 7214(a) was reenacted in 1954 its language "any officer or agent appointed or acting under the authority of any revenue law of the United States," was broadened to cover "[a]ny officer or employee of the United States acting in connection with any revenue law of the United States."

The presence in § 7214(a) (2) of penalty provisions which would be inappropriate in their application to defendant (e.g. dismissal from office) does not preclude the applicability to that Section of the aiding and abetting statute. The legislative history of the 1951 amendment to 18 U.S.C. § 2 shows that Congress intended that statute to apply to situations in which the "principal" is, for example, an officer or employee of the United States and therefore subject to penalties, such as removal from office, which would be irrelevant to the situation of the person charged with aiding and abetting. See 1951 U. S. Cong. and Adm. Serv. 2583.

Contrary to appellant's contention, a payor of a bribe can be an aider and abettor under 18 U.S.C. § 2. May v. United States, 84 U.S.App.D.C. 233, 175 F.2d 994 cert. denied, 338 U.S. 830, 70 S.Ct. 58, 94 L.Ed. 505 (1949). See United States v. Johnson, 337 F.2d 180, 196 (4th Cir.1964), cert. granted, 379 U.S. 988, 85 S.Ct. 703, 13 L.Ed.2d 609 (1965); United States v. Fromen, 265 F.2d 702, 705 (2d Cir.), cert. denied, 360 U.S. 909, 79 S.Ct. 1295, 3 L.Ed.2d 1260 (1959).

Appellant claims that the charges contained in two of the counts on which he was convicted were barred by the running of the statute of limitations. Appellant first raised this defense after trial by a motion to correct an illegal sentence. The defense of the statute of limitations must be raised before or during the trial. "If this is not done and a verdict of guilty is rendered, sentence may be lawfully imposed." Askins v. United States, 102 U.S.App.D.C. 198, 251 F.2d 909, 913 (1958). See also United States v. Taylor, 207 F.2d 437 (2d Cir.1953).

We find no error which requires reversal of the conviction.

Affirmed.