**UNITED STATES of America**

v.

**David Bernard BARASH, Defendant.**

**No. 65 Cr. 243.**

United States District Court
S. D. New York.

Dec. 7, 1966.

Louis Bender, New York City, for defendant, Lloyd A. Hale, New York City, of counsel.

Robert M. Morgenthau, U. S. Atty., Southern District of New York, for the United States, Robert L. King, Asst. U. S. Atty., of counsel.

BRYAN, District Judge:

Defendant Barash, an accountant and lawyer, was originally convicted on 26 counts of a 32 count indictment charging various violations of law with respect to payments to internal revenue agents in connection with their office audit examinations of income tax returns of his clients. The Court of Appeals unanimously reversed the conviction for a variety of errors committed at the trial and remanded for a new trial. United States v. Barash, 365 F.2d 395 (2 Cir. 1966).

Barash now moves (1) to dismiss either Counts 1–6, 8–12, 14 and 16, charging violations of 18 U.S.C. §§ 201 and 201(b),[1] or Counts 16, 21–26, and 28–32, charging violations of 18 U.S.C. §§ 2, 201(b) and 26 U.S.C. § 7214(a) (2), or, in the alternative, to require the United States to elect between the two groups of counts; and (2) to sever Counts 16 and 20.

*Counts 1–6, 8–12, 14 and Counts 21–26, 28–32.*

Barash's primary claim is that he may not be tried simultaneously on Counts 1–6, 8–12 and 14, on the one hand, and Counts 21–26 and 28–32, on the other. Counts 1–6, 8–12 and 14 charge violations of 18 U.S.C. § 201 (or 201(b) depending upon the time of the alleged offense) and allege in substance that Barash knowingly gave money to Internal Revenue employees "with intent to influence their decisions and actions on questions * * * then pending * * *

---

1. Present § 201(b), enacted by 76 Stat. 1119 (1962), was simply a rewording of former § 201.

before them in their official capacities."[2] These counts will be referred to as the bribery counts.

Counts 21–26 and 28–32, which relate to the same payments referred to in the bribery counts, charge that Barash aided and abetted the same Internal Revenue employees in receiving illegal fees for the performance of their duties in violation of 18 U.S.C. § 2, and 26 U.S.C. § 7214(a) (2).[3] These counts will be referred to as the aiding and abetting counts.

Barash claims in essence that under Milanovich v. United States, 365 U.S. 551, 81 S.Ct. 728, 5 L.Ed.2d 773 (1961) and Heflin v. United States, 358 U.S. 415, 79 S.Ct. 451, 3 L.Ed.2d 407 (1959), the Government cannot proceed against him on both the bribery counts and the aiding and abetting counts. Barash maintains that he has been "charged in one indictment with the crime of bribing Internal Revenue Agents and in separate counts with the crime of receiving those bribes from himself."[4] Under these circumstances, it is said, Congress could not have intended to "pyramid penalties" for essentially the same criminal acts. 358 U.S. at 419, 79 S.Ct. 451.

On the merits Barash's claims appear to be foreclosed by recent decisions of the Court of Appeals of this Circuit. It is settled that a payor of a bribe can be charged and convicted of aiding and abetting violations of 26 U.S. C. § 7214(a) (2). United States v. Kenner, 354 F.2d 780 (2 Cir. 1965), cert.

den., 383 U.S. 958, 86 S.Ct. 1223, 16 L.Ed.2d 301 (1966). Furthermore, in United States v. Umans, 368 F.2d 725 (2 Cir. 1966), cert. granted, 386 U.S. 940, 87 S.Ct. 975, 17 L.Ed.2d 872 (1967), the Court of Appeals affirmed a conviction of the payor of a bribe to Internal Revenue employees both for bribery as a principal under 18 U.S.C. § 201 and as an aider and abettor of the employees' violations under 26 U.S.C. § 7214(a) (2). As appears from the indictment, the same nine illegal payments formed the basis for nine bribery counts and nine aiding and abetting counts. Though the Court in *Umans* did not specifically refer to *Milanovich,* it reversed convictions on three other counts charging violations of 18 U.S.C. § 201(f)—making it a crime to pay a public official "for or because of any official act"[5]—because defendant had also been convicted on three § 201(b) bribery counts for the same criminal acts. Reversal was thought to be necessary on these counts because:

"the correct relationship between § 201 (b) and § 201(f) is that § 201(f) is a lesser included offense of § 201(b). There is no reason to believe that Congress intended that there should be concurrent convictions and sentences under both sections, and we should not allow multiple convictions based on the same transactions even where the sentences are concurrent. The sentences on the § 201(f) counts therefore are vacated." 368 F.2d at 730.

However, since the court affirmed the convictions on the other counts evidently

---

2. The allegations of Count 14 differ somewhat from the others, but not materially.

3. This section provides:

   "(a) Unlawful acts of revenue officers or agents.—Any officer or employee of the United States acting in connection with any revenue law of the United States * * *

   "(2) who knowingly demands other or greater sums than are authorized by law, or receives any fee, compensation, or reward, except as by law prescribed, for the performance of any duty" is guilty of an offense against the United States.

4. Defendant's Memorandum of Law, p. 3.

5. "(f) Whoever, otherwise than as provided by law for the proper discharge of official duty, directly or indirectly gives, offers, or promises anything of value to any public official, former public official, or person selected to be a public official, for or because of any official act performed or to be performed by such public official, former public official, or person selected to be. a public official * * *

   Shall be fined not more than $10,000 or imprisoned for not more than two years, or both."

it was of the view that the defendant could be tried simultaneously for the same criminal acts for bribery under § 201 and for aiding and abetting under § 7214(a) (2). Contrast Model Penal Code § 1.07 (Proposed Official Draft, 1962).

▪ But it is unnecessary finally to resolve that question on this motion. Even assuming that Barash's contentions have merit, they cannot be disposed of by motion to dismiss. In *Milanovich* the Supreme Court held that a defendant could not be convicted of both stealing and receiving the same goods he has stolen. However, the Court did not require dismissal of one of the counts or election between them prior to trial. It held, rather, "that the trial judge erred in not charging that the jury could convict of either larceny or receiving, but not of both." 365 U.S. at 555, 81 S.Ct. at 730.

The present case should proceed in similar fashion. After the evidence is in the trial judge will be in a position to give appropriate instructions to the jury concerning the verdict to be rendered with respect to the bribery counts or the aiding and abetting counts or both. Conceivably, since the bribery counts require proof of an additional element, i. e., a specific intent to influence official action, see United States v. Umans, supra, the evidence may be insufficient to sustain simultaneous convictions on both counts in any event. However the facts may develop, decision must await trial.

### Count 16

▪ Barash bases his motion to dismiss Count 16 on a dictum in the opinion of the Court of Appeals in this case to the effect that "it is questionable" whether "the Government made out enough to go to the jury" on this count. 365 F.2d at 399. However questionable the proof may have been, there is nothing to prevent the Government from correcting any deficiencies upon re-trial if it can. Unlike Merritt v. United States, 334 F.2d 759 (5 Cir. 1959) (per curiam), relied upon by defendant, the Court of Appeals did not squarely hold that the proof on Count 16 was insufficient as a matter of law. Obviously this court cannot go further on remand and direct a dismissal of the count before trial on the ground that at the last trial the Government's case was said to be "questionable" in some respects.

### Severance of Counts 16 and 20

▪ In order to prevail on a motion to sever a defendant must demonstrate that he "is prejudiced by a joinder of offenses." Rule 14, F.R.Cr.Pro. The Government strenuously urges that Barash has waived any objection by failing to raise it at the first trial. See Rule 12(b) (2), F.R.Cr.P. But it is unnecessary to decide whether defendant has waived, or if so, may be relieved from his waiver on this motion, for he has not made a sufficient showing of prejudice to justify a severance at this time.

▪ Barash claims that Counts 16 and 20 stand in a unique position because they "involve an alleged payment to Coady, who, unlike the other two office auditors who by their testimony and pleas of guilty in many cases have admitted their corruption, was an undercover agent working for the Inspection Service, hence supposedly incorruptible, hence supposedly truthful."[6] He also urges that his defense to Counts 16 and 20 is likewise somewhat unique, though he fails to demonstrate in what respects this is so.

▪ For purposes of this motion it is sufficient to say that these contentions fall far short of demonstrating a likelihood of "any confusion or injustice arising from the joint trial." Opper v. United States, 348 U.S. 84, 95, 75 S.Ct. 158, 99 L.Ed. 101 (1954). Of course, the trial judge is under "a continuing duty at all stages of the trial to grant a severance if prejudice" to a defendant becomes evident. Schaffer v. United States, 362 U.S. 511, 516, 80 S.Ct. 945, 948, 4 L.Ed.2d 921 (1960); see United States v. Kelly,

---

6. Defendant's Memorandum of Law, p. 16.

349 F.2d 720, 759 (2 Cir. 1965). Thus Barash's rights can be fully protected as the evidence unfolds at the trial. The motion to sever, like the motion to dismiss, is premature.

Both motions are denied without prejudice to renewal at the trial.

It is so ordered.