**UNITED STATES of America**

v.

**David COGAN, Defendant.**

**No. 66 Cr. 683.**

United States District Court
S. D. New York.
March 14, 1967.

Robert M. Morgenthau, U. S. Atty., Southern Dist. of New York, New York City, for the United States; Pierre N. Leval, Asst. U. S. Atty., of counsel.

Joseph E. Brill, New York City, for defendant.

## OPINION

COOPER, District Judge.

Defendant is charged with conspiracy (18 U.S.C. § 371), bribery (18 U.S.C. § 201) and aiding and abetting the receipt of those bribes (26 U.S.C. § 7214 (a) (2)). He moves to dismiss part of the indictment, to compel an election between various counts and for a bill of particulars. We treat each motion separately.

*Motion to Dismiss Count 1*

Count one of the indictment charges that defendant conspired with Sol Myers, defendant's employee, and eight Internal Revenue agents. It is alleged: (1) the agents received fees not provided by law, (2) defendant offered the agents fees, other than provided by law, in recognition of acts performed by the agents and (3) defendant, through Myers, offered money to the agents to influence their official actions.

■ Defendant contends: "It is well recognized that in a crime where the participation of at least two persons is necessary and concert of action is essential to the offense, an indictment will not lie charging a conspiracy to commit such offense." [1] While defendant correctly states the law, we do not believe that this case falls within its provisions.

The proposition enunciated by defendant appears to have been first set forth by Wharton in his treatise on criminal law:

> When to the idea of an offense plurality of agents is logically necessary, conspiracy, which assumes the voluntary accession of a person to a crime of such a nature that it is aggravated by a plurality of agents can not be maintained. 2 Wharton, Criminal Law § 1604, at 1862 (12th ed. 1932).

There are at least two exceptions to the rule and we believe that this case falls within both. The first is that, "This rule does not apply when the offense could be committed by one of the conspirators alone." 1 Anderson, Wharton's Criminal Law and Procedure § 89, at 192 (1957).[2] The conspiracy count in

---

1. Defendant cites United States v. Zeuli, 137 F.2d 845 (2d Cir. 1943); United States v. Sager, 49 F.2d 725 (2d Cir. 1931); United States v. Dietrich, 126 F. 664 (8th Cir. 1904) and numerous other cases in support of this proposition of law.

2. See United States v. Simon, 30 F.R.D. 53 (S.D.N.Y.1962); United States v. Perrone, 161 F.Supp. 252 (S.D.N.Y.1958); United States v. Stromberg, 22 F.R.D. 513 (S.D.N.Y.1957); United States v. Anthony, 145 F.Supp. 323 (M.D.Pa.1956); United States v. Klock, 210 F.2d 217 (2d Cir.), cert. denied, 347 U.S. 960, 74 S.Ct. 710, 98 L.Ed. 1104 (1954); United States v. Cordo, 186 F.2d 144 (2d Cir.), cert. denied, 340 U.S. 952, 71 S.Ct. 572, 95 L.Ed. 686 (1951); May v. United States, 84 U.S.App.D.C. 233, 175 F.2d 994, cert. denied, 338 U.S. 830, 70 S.Ct. 58, 94 L.Ed. 504 (1949); United States v. Winters, 158 F.2d 674 (2d Cir. 1946); United

this case charges not only the giving and the receipt of a bribe, but also that the defendant offered a bribe. An offer does not require concert of action; it is an action capable of performance unilaterally.[3] Accordingly, the indictment as pleaded survives dismissal.

The second exception to the so-called Wharton rule is:

> The principle is also limited to cases where the essential participants are the only conspirators. When those whose cooperation is necessary for the commission of the substantive crime conspire with another person to commit the offense, all are guilty of conspiracy. 1 Anderson, Wharton's Criminal Law & Procedure, supra at 193.

■ The policy behind this rule is to avoid double punishment. When the substantive offense itself contemplates an illegal agreement, the parties thereto should not be punished a second time for entering into the same agreement called a conspiracy.[4] When, however, there are more who participate than are necessary to commit the substantive offense, no longer is there a problem of double punishment. Such a situation actually presents two agreements, the first constituting the agreement between the parties and essential to the offense, and the second constituting the broader agreement between all those involved.

In the present case we can not discard the possibility of an agreement between defendant and Myers whereby Myers was the intermediary through whom the bribery scheme was executed; an agreement between defendant and all the Internal Revenue agents covering the general nature of the bribery scheme; and finally an agreement between defendant and each co-conspirator that constituted the specific bribery agreements charged in the indictment. Each agreement would be of a different nature and would require appropriate proof to establish.

■ Accordingly, defendant is properly chargeable with both bribery and conspiracy.

There is a second reason making inapposite the application of the Wharton rule—when there are more parties who collaborate than are necessary to commit the substantive offense. The general rational of the concept of conspiracy is that " * * * collective action toward an antisocial end involves a greater risk to society than individual action toward the same end." Developments—Criminal Conspiracy, 72 Harv.L.Rev. 920, 923–24 (1959). Likewise, when more than two people participate in a bribery scheme, the risk to society is correspondingly increased.

In the instant case, for example, if each of the eight Internal Revenue agents entered into the conspiratorial agreement and had knowledge of the participation by the others, they would probably be more confident in carrying forward their illegal acts, more likely to continue their illegal deportment and encouraged to rationalize their actions. Thus, to an increased degree their combined efforts become more emphatically

---

States v. Simonds, 148 F.2d 177 (2d Cir. 1945); United States v. Loew, 145 F.2d 332 (2d Cir. 1944), cert. denied, 324 U.S. 840, 65 S.Ct. 587, 89 L.Ed. 1403 (1945); Freeman v. United States, 146 F.2d 978 (6th Cir. 1945); Lisansky v. United States, 31 F.2d 846, 67 A.L.R. 6 (4th Cir.), cert. denied, 279 U.S. 873, 49 S.Ct. 514, 73 L.Ed. 1008 (1929); Vannata v. United States, 289 F. 424 (2d Cir. 1923); Chadwick v. United States, 141 F. 225 (6th Cir. 1905).

3. In United States v. Dietrich, supra, 126 F. at 667, the first federal case in which the Wharton Rule was applied, Judge Van DeVanter stated: "In this respect,

agreeing to receive a bribe from another and agreeing to give one are unlike soliciting or offering a bribe, because the solicitation or offer may be the act of a single person and may occur without any concurrent act of another."

4. The Supreme Court has tacitly approved this policy in Pinkerton v. United States, 328 U.S. 640, 66 S.Ct. 1180, 90 L.Ed. 1489 (1946); Gebardi v. United States, 287 U.S. 112, 53 S.Ct. 35, 77 L.Ed. 206 (1932); United States v. Katz, 271 U.S. 354, 46 S.Ct. 513, 70 L.Ed. 986 (1926); United States v. Holte, 236 U.S. 140, 35 S.Ct. 271, 59 L.Ed. 504, L.R.A.1915D, 281 (1915).

inimical to the safety of the commonweal. It follows that the agreement itself carries a criminal stigma.

We recognize that results to the contrary are found in United States v. Sager, 49 F.2d 725 (2d Cir. 1931) and United States v. New York Cent. and H. R. R. Co., 146 F. 298 (S.D.N.Y.1906), cited by defendant. While these two cases are contrary to the result we reach in this case, we do not believe that they state the current law. We shall attempt to fortify this conclusion.

The cases prior to *Sager* (excluding the *New York Central* case) limited the Wharton rule to cases in which only the essential participants were also charged with conspiracy.[5] Likewise, the cases subsequent to *Sager,*[6] including this Circuit, are either silent as to *Sager* or apply it very narrowly. For example, in United States v. Smolin, 182 F.2d 782 (2d Cir. 1950) Judge Chase refused to apply the Wharton rule to a case in which the defendants were charged with receiving stolen goods and with conspiracy. Though United States v. Zeuli, 137 F.2d 845 (2d Cir. 1943) had held that the Wharton rule applied to these same offenses, Judge Chase felt that *Zeuli* was distinguishable:

> While the crime of receiving and possessing stolen goods necessarily involves the cooperation of the thief and the buyer, it does not necessarily involve the cooperation of the buyer and a go between like Schatz. United

States v. Smolin, supra, 182 F.2d at 786.

Though Judge Chase did not overrule *Sager* (he did not discuss the case), the *Smolin* decision points strongly in that direction. See also United States v. Center Veal & Beef Co., 162 F.2d 766, 770 (2d Cir. 1947) in which Judge Learned Hand also apparently limited *Sager* to cases where only the essential parties are also charged with conspiracy.

These cases, coupled with the trend to apply the Warton rule strictly[7] and the policy reasons we have stated, support the rejection of the rule in this case.

Accordingly, the motion to dismiss count one of the indictment is denied.

### *Motion to Dismiss Counts 8–23*

Pursuant to Rule 12, F.R.Crim.P., defendant moves to dismiss counts eight through twenty-three of the indictment charging him with aiding and abetting the receipt by public officials of illegal fees. (26 U.S.C. § 7214(a) (2) and 18 U.S.C. § 2).

Defendant contends that Congress could not have intended that the payor of a bribe could also be charged with aiding and abetting the payee of the bribe. To the contrary, our Circuit Court has specifically held that the payor of a bribe can be charged with aiding and abetting the violation of 26 U.S.C. § 7214(a) (2). United States v. Kenner, 354 F.2d 780, 785 (2d Cir. 1965), cert. denied, 383 U.S. 958, 86 S.Ct. 1223, 16

---

5. See Chadwick v. United States, 141 F. 225 (6th Cir. 1905); Thomas v. United States, 156 F. 897, 17 L.R.A.,N.S., 720 (8th Cir. 1907); United States v. Burke, 221 F. 1014 (S.D.N.Y.1915) rev'd on other grounds sub nom. Salas v. United States, 234 F. 842 (2d Cir. 1916); United States v. Grand Trunk Ry. Co. of Canada, 225 F. 283 (W.D.N.Y.1915); McKnight v. United States, 252 F. 687 (8th Cir. 1918), cert. denied, 249 U.S. 614, 39 S. Ct. 388, 63 L.Ed. 802 (1919); Vannata v. United States, 289 F. 424 (2d Cir. 1923).

6. See United States v. Lutwak, 195 F.2d 748 (7th Cir. 1952), aff'd 344 U.S. 604, 73 S.Ct. 481, 97 L.Ed. 593 (1953); May v. United States, 84 U.S.App.D.C. 233, 175

F.2d 994, cert. denied, 338 U.S. 830, 70 S.Ct. 58, 94 L.Ed. 505 (1949); Old Monestary Co. v. United States, 147 F.2d 905 (4th Cir.), cert. denied, 326 U.S. 734, 66 S.Ct. 44, 90 L.Ed. 437 (1945); Ex Parte O'Leary, 53 F.2d 956 (7th Cir.), cert. denied, 283 U.S. 830, 51 S.Ct. 366, 75 L.Ed. 1443 (1931).

7. See United States v. Greenberg, 223 F. Supp. 350 (S.D.N.Y.1963); United States v. Bowles, 183 F.Supp. 237 (D.Me.1958); Razete v. United States, 199 F.2d 44 (6th Cir.), cert. denied, 344 U.S. 904, 73 S.Ct. 284, 97 L.Ed. 698 (1952); May v. United States, supra; Old Monastery Co. v. United States, supra; Developments-Criminal Conspiracy, 72 Harv.L.Rev. 920, 956 (1959).

L.Ed.2d 301 (1966). See also United States v. Umans, 368 F.2d 725 (2d Cir. 1966) in which the court reaffirmed the holding in *Kenner* sub silento; United States v. Barash, 266 F.Supp. 126, 65 Cr. 243 (S.D.N.Y. Dec. 8, 1966).

*Motion to Compel an Election*

Pursuant to Rule 14, F.R.Crim.P., defendant moves for an order compelling the government to elect between counts two and eight, counts three and eleven, counts four and thirteen, counts five and sixteen, counts six and seventeen and counts seven and twenty-one. Counts two through seven charge the defendant with bribery, 18 U.S.C. § 201, while counts eight, eleven, thirteen, sixteen, seventeen and twenty-one charge that he aided and abetted the receipt of those bribes in violation of 26 U.S.C. § 7214 (a) (2).

■ In denying this motion we adopt the able opinion of Judge Bryan in United States v. Barash, 266 F.Supp. 126, 65 Cr. 243 (D.C., Dec. 8, 1966). As stated by Judge Bryan, Milanovich v. United States, 365 U.S. 551, 81 S.Ct. 728, 5 L.Ed.2d 773 (1961) and Heflin v. United States, 358 U.S. 415, 79 S.Ct. 451, 3 L.Ed.2d 407 (1959) do not compel us to order an election. In United States v. Umans, 368 F.2d 725 (2d Cir. 1966) our Court of Appeals upheld the conviction of a person charged both with paying a bribe to Internal Revenue agents in violation of 18 U.S.C. § 201 and with aiding and abetting the agents' violations of 26 U.S.C. § 7214(a) (2). See also United States v. Kenner, 354 F.2d 780 (2d Cir. 1965), cert. denied, 383 U.S. 958, 86 S.Ct. 1223, 16 L.Ed.2d 301 (1966).

In *Barash,* supra, we find persuasive:

But it is unnecessary finally to resolve that question on this motion. Even assuming that [defendant's] * * * contentions have merit, they cannot be disposed of by motion to * * * [compel an election]. In *Milanovich,* the Supreme Court held that a defendant could not be convicted of both stealing and receiving the same goods he has stolen. However, the Court did not require dismissal of one of the counts or election between them prior to trial. It held, rather, "that the trial judge erred in not charging that the jury could convict of either larceny or receiving, but not of both." 365 U.S. at 555, 81 S.Ct. at 730.

The present case should proceed in a similar fashion. After the evidence is in the trial judge will be in a position to give appropriate instructions to the jury concerning the verdict to be rendered with respect to the bribery counts or the aiding and abetting counts or both. Conceivably, since the bribery counts require proof of an additional element, i. e. a specific intent to influence official action, see United States v. Umans, supra, the evidence may be insufficient to sustain simultaneous convictions on both counts in any event. However the facts may develop, decision must await trial.

Defendant also moves for an order compelling the government to elect between count twenty-four, charging a violation of 18 U.S.C. § 201(b), and count twenty-five, charging a violation of 18 U.S.C. § 201(f).

Our Court of Appeals has recently stated:

* * * the correct relationship between § 201(b) and § 201(f) is that § 201(f) is a lesser included offense of § 201(b). There is no reason to believe that Congress intended that there should be concurrent convictions and sentences under both sections, and we should not allow multiple convictions based on the same transactions even where the sentences are concurrent. The sentences on the lesser § 201(f) counts therefore are vacated. United States v. Umans, supra, 368 F.2d at 730.

The holding in *Umans* does not, however, bar an indictment charging violations of both §§ 201(b) and 201(f); it bars only a conviction under both subsections, based on the same transaction.

■ Accordingly, we believe defendant's safeguard with respect to counts

twenty-four and twenty-five lies in an appropriate jury instruction from the trial judge that defendant can be convicted either of violating § 201(b) or § 201 (f), but not both.

The motion to compel an election is denied.

*Motion for Bill of Particulars*

The government has consented to furnish the following particulars:

(1) In what respect each named co-conspirator was acting as a public official.

(2) The approximate places the alleged promises, offers or gifts took place.

(3) The approximate places that unlawful fees were received.

(4) The manner in which defendant sought to influence Jeremiah Clyne's decisions and actions.

The government shall also state with greater specificity:

(1) As to counts 4, 7, 12–15, 18–23, the approximate date and time of the acts therein specified. See United States v. Simon, 30 F.R.D. 53, 55 (S.D.N.Y. 1962); United States v. Dean, 266 F. Supp. 159 (S.D.N.Y. Feb. 23, 1966). Cf. United States v. Kahaner, 203 F.Supp. 78 (S.D.N.Y.1962); United States v. Bentvena, 193 F.Supp. 485 (S.D.N.Y. 1960).

(2) As to counts 24 and 25, the amount of money given, offered or promised. See United States v. Dean, supra.

(3) The sums the named co-conspirators were authorized by law to receive and the applicable section thereof. See United States v. Simon, supra.

The remaining items sought by defendant are the details of the conspiracy, the manner of influencing, bribing and aiding and abetting his co-conspirators, and other particulars which go far beyond the scope of a bill of particulars. The indictment, together with the particulars ordered herein, are clearly sufficient to apprise defendant of the charges against him, enable him to prepare his defense, avoid double jeopardy and avoid prejudicial surprise at trial.

Cf. Wong Tai v. United States, 273 U.S. 71, 47 S.Ct. 300, 71 L.Ed. 545 (1927); United States v. Smith, 16 F.R.D. 372 (W.D.Mo.1954); 8 Moore, Federal Practice § 7.06(2).

The motion for a bill of particulars is granted to the extent indicated; in all other respects denied.

This shall be considered an order; settlement thereof is unnecessary.

So ordered.