### UNITED STATES v. ZEULI.
#### No. 322.

Circuit Court of Appeals, Second Circuit.

Aug. 2, 1943.

---

Irving Spieler and Samuel Mezansky, both of New York City (Moses Polakoff, of New York City, of counsel), for appellant.

Vine H. Smith and Harold M. Kennedy, U. S. Atty., both of Brooklyn, N. Y., for appellee.

Before L. HAND, CLARK, and FRANK, Circuit Judges.

L. HAND, Circuit Judge.

The accused, Zeuli, was convicted of a conspiracy to steal gasoline ration books and to receive them with intent to convert them, knowing them to have been stolen. Five other defendants were indicted together with him: A nolle prosequi was entered as to one, Mignona; and four pleaded guilty to the second count of the indictment, alleging the substantive offense of receiving the ration books with intent to convert them. Zeuli was the only one who went to trial, upon which the following facts appeared. Two of the defendants, Steneck and Mignona, broke into the office of the "Long Island City Ration Board" in Long Island City, forced open a safe, and stole 120 boxes of gasoline ration books, which they carried to the house of Mignona's sister. Four or five days later Steneck telephoned Zeuli who was in Manhattan, and offered to sell him some of the stolen books. They could not agree upon the price, but on the following day, Steneck went to Zeuli's bar in Manhattan, and Zeuli agreed to buy some of the books for about $1000. Steneck then left and on the next day went again to Zeuli's bar with the books, which he delivered to Zeuli at that place. There was no evidence to connect Zeuli with the original theft of Mignona and Steneck, nor with any of the other three defendants who pleaded guilty to the second count.

Lower Federal courts have several times decided that, if a crime necessarily involves the mutual cooperation of two persons, and if they have in fact committed the crime, they may not be convicted of a conspiracy to commit it. United States v. Dietrich, C.C., 126 F. 664 (Van Devanter and Munger, JJ.); United States v. New York Central & H. R. R. Co., C.C., 146 F. 298 (Holt, D.J.); United States v. Sager, 2 Cir., 49 F.2d 725, 727, 728. Although the Supreme Court has never actually so decided, it has twice clearly approved the doctrine; and we accept it as settled law. United States v. Katz, 271 U.S. 354, 355, 46 S.Ct. 513, 70 L.Ed. 986; Gebardi v. United States, 287 U.S. 112, 122, 53 S.Ct. 35, 77 L.Ed. 206, 84 A.L.R. 370. Therefore, if the conspiracy was confined to the transaction between Zeuli and Steneck by which the stolen books were sold, although both were guilty of the substantive crime, neither was guilty of conspiracy. The indictment was not so confined; it laid a single conspiracy which comprehended not only the disposal of the books but the original theft of them. Such a conspiracy was not within the doctrine we have just mentioned, for it covered more than the crime of receiving. The difficulty was not therefore in the indictment but in the proof, for the

prosecution did not connect Zeuli with the preliminary theft, or with the books at all until after they had been stolen, and at a time when nothing more remained to be done but to dispose of them. The prosecution answers that, when a new confederate enters a conspiracy already in process of execution, he becomes a party to it as though he had been one of the original participants; and that, when Zeuli bought the books, knowing them to have been stolen, he became a conspirator with Steneck, Mignona and the rest, just as though he had been a confederate from the beginning. That might have been true, if, when Zeuli bought the books, he had been told of the scheme to steal and later to sell them, and had agreed to buy them in order to further that scheme. But that was not the situation; although he knew them to be stolen, he bought them without any purpose of securing to the thieves the fruits of their theft; the venture, so far as he was concerned, began, as it ended, with the purchase. United States v. Crimmins, 2 Cir., 123 F.2d 271. His mere knowledge that they had been stolen, made him even less a party to their theft than his knowledge of their future disposition—had that been criminal—would have made him a party to that disposition. United States v. Falcone, 311 U.S. 205, 61 S.Ct. 204, 85 L.Ed. 128; United States v. Peoni, 2 Cir., 100 F.2d 401.

Although for the foregoing reasons it was not possible to convict Zeuli of any conspiracy whatever in the case at bar, that alone might not, perhaps, have been enough to reverse the conviction, for the conspiracy count itself—if one includes the fourth overt act—alleged all the facts which made up the substantive crime. As mere matter of pleading, the characterization of the criminal liability arising from those facts is of no importance, provided the accused is advised of what he has to meet, and provided further that the trial proceeds as it would have proceeded if no conspiracy had been charged. United States v. Strewl, 2 Cir., 99 F.2d 474. It would indeed be going far to affirm the conviction on that theory after the prosecution had withdrawn the second count; but regardless of that, there would remain another objection to any such change of front which would be fatal. The substantive crime was committed altogether in Manhattan and the prosecution was in Brooklyn. It is true that two circuit courts of appeals have held that an objection to the venue of a prosecution under § 2 of Art. III of the Constitution and under the Sixth Amendment may be waived, and will be by going to trial upon the merits. Hagner v. United States, 60 App.D.C. 335, 54 F.2d 446; Mahaffey v. Hudspeth, 10 Cir., 128 F.2d 940. But there could be no such waiver here; the prosecution had never asserted criminal liability upon any theory but that of the broad conspiracy, and had actually disclaimed the only alternative liability, as we have said. Zeuli had therefore no occasion to raise the question of venue; and indeed could not have done so, just as Crimmins could not have done in United States v. Crimmins, supra, 123 F.2d 271. For this reason, not only must the conviction be reversed but the indictment must be dismissed.

Conviction reversed; indictment dismissed.