## UNITED STATES v. BOYER et al.
### No. 13447.

United States District Court
E. D. Pennsylvania.
June 30, 1949.

Leon J. Fox, Asst. U. S. Atty., Gerald A. Gleeson, U. S. Atty., of Philadelphia, Pa., for plaintiff.

Clarence J. Corcoran, of Philadelphia, Pa., for defendant Kovach.

BARD, District Judge.

This case is now before me on the defendant Michael Kovach's motions to dismiss the indictment, for judgment of acquittal, and for new trial.

The indictment charged Herbert C. Boyer, Claude I. Zimmerman, Gus Woods and Michael Kovach with forming a conspiracy on June 1, 1945, in Lansford, Carbon County, Pennsylvania, to violate the sugar rationing orders then in effect[1], and with committing certain overt acts in the furtherance of this conspiracy. Kovach was specifically charged with delivering 6,000 pounds of sugar to Woods on June 1, 1945, in return for 2,737 loose sugar coupons which it alleged Kovach knew should not have been in the possession of Woods.

Defendants Boyer, Zimmerman and Woods pleaded guilty to their part in the conspiracy. They were the principal witnesses for the Government at Kovach's trial wherein a jury found him guilty as charged.

Woods was the owner of a restaurant and a candy manufacturing business in Tamaqua, Pennsylvania. In 1944 he had overdrawn his sugar allotment and was suspended by the Office of Price Administration ("O.P.A.") from getting any sugar for about a year. In his efforts to get sugar arrangements were made with Boyer, a resident of Tamaqua, to give him stamps, and with Zimmerman, a wholesale sugar dealer in Lansford, to sell him sugar. On June 1, 1945, Zimmerman was unable to sell Woods the sugar he wanted, and returned to him 2,737 counterfeit sugar ration coupons which Boyer had provided for Woods and Zimmerman. Woods then drove to Kovach's retail store in Pottsville to purchase sugar, and transferred these loose counterfeit stamps to Kovach in return for 6,000 pounds of sugar. The remaining 7,685 pounds of sugar were to be delivered subsequently. The OPA refused to credit Kovach with these stamps and deducted their value from his sugar allotment, whereupon Kovach went to the OPA office in Pottsville and told of the sale to Woods.

This conversation touched off the investigation leading to this prosecution.

■ Although a conspiracy is a partnership in crime, one conspirator does not have to know the identity of all his confederates, nor does he have to know the division of the spoils, Marino et al. v. United States, 91 F.2d 691, 696, 113 A.L.R. 975, certiorari denied sub nom Gullo v. United States, 302 U.S. 764, 58 S.Ct. 410, 82 L.Ed. 593; Coates v. United States, 9 Cir., 59 F.2d 173, 174; United States v. Wilson, D.C., 23 F.2d 112, 117. Thus, it is immaterial that neither Boyer nor Zimmerman knew Kovach.

■ However, when the substantive offense itself requires the mutual cooperation of one seller, Kovach, and one buyer, Woods, for its commission, the seller must know of the existence of the conspiracy charged in the indictment and that he is furthering its purpose before he can be convicted as a co-conspirator. United States v. Zeuli, 2 Cir., 137 F.2d 845, 846-847; United States v. Falcone, 311 U.S. 205, 61 S.Ct. 204, 85 L.Ed. 128; Old Monastery Company v. United States, 4 Cir., 147 F.2d 905, 907; Marino v. United States, supra. Otherwise, as far as the seller is concerned, the venture, illegal though it be, terminates with the sale, and he can have no intention of helping the conspirators obtain the fruits of their labors. United States v. Zeuli, supra. His alleged lack of knowledge of the conspiracy is the basis of the defendant's meritorious contention that the evidence does not support his conviction as a coconspirator, and that therefore he should be granted a judgment of acquittal or a new trial.

■ There is no question in my mind but that Kovach is guilty of the substantive offense. Kovach, a retail dealer, was supposed to sell sugar over the counter to his customers and receive stamps taken out in his presence from the customer's ration book. In making the deal with Woods to transfer bulk sugar in exchange for sheets of stamps which should be used by a whole-

---

[1] Second Revised Ration Order No. 3, "Sugar" (9 F.R. 13641) issued November 14, 1944, effective November 16, 1944, as amended.

General Ration Order No. 8 "General Prohibitions, Penalties and Conditions" (8 F.R. 3783) issued March 25, 1943, effective April 15, 1943, as amended.

sale dealer, Kovach knew he was not complying with the law. Furthermore, he knew that Woods should not have had this type of stamp, and that Woods was illegally in possession of these stamps since in most instances the name "Zimmerman" or "Zimmerman Brothers" was either on these sheets of stamps or had been so poorly erased that it was still visible.

■ Just because Kovach may be found guilty of a substantive offense, it does not follow that a jury is justified in finding him guilty of a conspiracy to commit it. United States v. Zeuli, supra; cf. United States v. Crimmins, 2 Cir., 123 F. 2d 271. The situation here is very analogous to that in the Zeuli case. The indictment in the instant case charged a single conspiracy comprehending a continuing acquisition of stamps from Boyer and the supply of sugar to Woods by Zimmerman and later by Kovach. There is nothing in the law which prevents the prosecution of a new confederate who enters a conspiracy already in the process of execution. But to enter such a conspiracy the new confederate must know of its existence before he can be convicted as a co-conspirator. It is in this detail that the proof is lacking. His mere knowledge that he was violating the law in transferring the sugar in bulk to Woods and that Woods was in illegal possession of the stamps does not make him a party to the conspiracy charged in the indictment or put him in knowledge thereof.

The Government places great weight on the hearsay testimony of William V. Rowan, a witness on behalf of the defendant who was employed by the Scranton district office of the OPA as a district field officer working out of the Pottsville Local Price and Ration Board. Mr. Rowan testified that when Kovach told him of the sale to Woods, Kovach said to Woods, "I got the sugar if you got the stamps."

■ It is common knowledge that some persons cheated the rationing regulations in various ways during the war. Likewise, there were unscrupulous dealers who would sell a customer any rationed article provided the customer had the required number of ration stamps. The dealer did not care where the stamps came from; his only concern was that the stamps were forthcoming. No questions were asked. These persons, while guilty of committing offenses against the rationing regulations, are not guilty of conspiring to commit those offenses.

■ I realize that a conspiracy is a secret, furtive crime, and by its very nature must usually be proved by circumstantial evidence. From all the evidence produced in this instance, however, the best case that the Government could possibly make out would be that the inference of Kovach's knowledge of the conspiracy is no greater, if as great, than the inference of his ignorance thereof.

The indictment charged that the conspiracy had taken place in Lansford, Pennsylvania, but the facts showed that none of the other defendants saw Kovach in Lansford and that neither Boyer nor Zimmerman knew Kovach. From all the testimony of the other defendants, self confessed co-conspirators, there is no inkling that Kovach knew of the existence of the conspiracy. The Government bears the burden of proving the defendant guilty beyond a reasonable doubt. This it has not done.

In view of the foregoing, it is not necessary to discuss the other contentions of the defendant Kovach in support of his motions.

In accordance with this opinion, it is ordered that the conviction of the defendant Kovach for conspiracy to commit offenses against the United States by acquiring sugar ration stamps and sugar, and by accepting transfers of sugar ration stamps and sugar, and by making and causing to be made transfers of sugar ration stamps and sugar in wilful violation of the rationing regulations above cited, be reversed, and that a judgment of acquittal be entered.