**1332**

UNITED STATES of America,
Plaintiff,

v.

William Robert DAVIS et al.,
Defendants.

Crim. No. 74–15–E.

United States District Court,
M. D. Alabama, E. D.

March 27, 1974.

Ira DeMent, U. S. Atty., Montgomery, Ala., for plaintiff.

John C. Swearingen, Jr., and Bobby J. Faulk, Phoenix City, Ala., Grogan, Jones & Layfield, Columbus, Ga., for defendants.

ORDER

VARNER, District Judge.

This cause is now submitted on the motion to dismiss the indictment filed herein March 20, 1974, by Defendants, William Robert Davis, Glenn Chastain, William Ray Archie, and Ned Alexander Lanier.

Upon consideration thereof, it is the opinion of this Court that the allegations, if proved, would support a guilty verdict for conspiracy to violate 18 U.S. C. § 1955. The thirteen Defendants were indicted for conspiracy (18 U.S.C. § 371) to violate the federal gambling laws (18 U.S.C. § 1955). The Defendants contend that it is legally impossible to conspire to violate 18 U.S.C. § 1955 for the reason that by definition the offense requires an active concert of effort of five or more persons. "Where concert is necessary to an offense, conspiracy does not lie." United States v. Sager, 2 Cir., 49 F.2d 725, 727; United States v. Center Veal & Beef Co., 2 Cir., 162 F.2d 766, 770; United States v. Zeuli, 2 Cir., 137 F.2d 845, 846. But, "As long as the conspiratorial concert of action and the substantive offense underlying it are not coterminous and fewer participants are required for the commission of the substantive offense than are named as joining in a conspiracy to commit it, there is no infirmity in the conspiracy indictment." United States v. Benter, 2 Cir., 457 F.2d 1174, 1178; United States v. Becker, 2 Cir., 461 F.2d 230, 234.

The Defendants' contention, therefore, is without merit in the in-

stant case. While active participation of at least five participants in an illegal gambling business is necessary for the offense proscribed in 18 U.S.C. § 1955, thirteen defendants were indicted in the instant case for conspiring to violate that law. A conspiracy indictment is not insufficient on the ground suggested where more than five people conspire for at least five people to commit the substantive offense. United States v. Becker, supra. Accordingly, it is the

Order, judgment and decree of this Court that the Defendants' motion to dismiss be, and the same is hereby denied.