23-6985-pr

# United States Court of Appeals for the Second Circuit

---

August Term 2024
Argued: February 13, 2025
Decided: November 4, 2025

No. 23-6985-pr

---

LAVELLOUS PURCELL, AKA KING CASINO, AKA MIKE HILL,

*Petitioner-Appellant,*

*v.*

UNITED STATES OF AMERICA,

*Respondent-Appellee.*

---

Appeal from the United States District Court
for the Southern District of New York
No. 1:22-cv-4802, Denise L. Cote, *Judge.*

---

Before:        PARK, PÉREZ, and NATHAN, *Circuit Judge*s.

Petitioner-Appellant Lavellous Purcell was convicted in the United States District Court for the Southern District of New York (Denise L. Cote, *J.*) of five charges related to interstate sex trafficking and sentenced to 216 months' imprisonment. On direct appeal, this Court reversed Purcell's conviction on Count One (enticement to engage in unlawful sexual activity) for lack of venue in the Southern District of New York. We affirmed his conviction as to the remaining counts, including Count Two (transporting a victim in interstate commerce to engage in prostitution) and found that Purcell's appellate counsel had abandoned any venue challenge as to that count. On remand, the district court reimposed his original 216-month sentence. Purcell then filed a 28 U.S.C. § 2255 habeas petition, which the district court denied.

On appeal, Purcell argues that his previous appellate counsel was constitutionally ineffective for failing to challenge venue as to Count Two. Because we agree, the district court's order denying Purcell's 28 U.S.C. § 2255 petition is **REVERSED** and **REMANDED** for further proceedings.

Judge Park dissents in a separate opinion.

———

JUSTIN MAUNG, Michael W. Martin, Ian Weinstein, Ruby Hersch, Sami Pfeffer Chahi (Maddie Ault, Ellen Brink, Jacob Popeck, Chad Wilson, Aba Aggrey, Colbey Carpenter, Alyssa Clune, Jack

Onofrio, *on the brief*), Fordham University School of Law, Lincoln Square Legal Services, Inc., New York, NY, *for Petitioner-Appellant*.

JANE KIM, Sebastian Swett, Jacob R. Fiddelman, Nathan Rehn, Assistant United States Attorneys, *for* Damian Williams, United States Attorney for the Southern District of New York, New York, NY, *for Respondent-Appellee*.

———

NATHAN, *Circuit Judge*:

After a jury trial, Petitioner-Appellant Lavellous Purcell was convicted in the United States District Court for the Southern District of New York (Denise L. Cote, *J.*) of various sex-trafficking offenses. He now seeks habeas relief on the ground that he received ineffective assistance of counsel on direct appeal. He argues that his prior appellate counsel properly raised a venue challenge on Count One—resulting in the reversal of his conviction as to that count—but failed to raise a parallel venue challenge on Count Two. This failure, he contends, led to the affirmance of his conviction for Count Two even though venue was not proper as to that count. He therefore asks us to reverse his conviction on that count.

In response, the government invites us to apply the concurrent sentence doctrine so as not to reach the merits of Purcell's petition. We decline this invitation. It argues in the alternative that appellate counsel's performance was objectively reasonable and that counsel's failure to challenge venue did not prejudice Purcell. We are unpersuaded. Because appellate counsel "omitted significant and obvious issues," *Mayo v. Henderson*, 13 F.3d 528, 533 (2d Cir. 1994), which would likely have resulted in the reversal of his conviction as to Count Two, the district court's order denying Purcell's 28 U.S.C. § 2255 petition is **REVERSED** and **REMANDED** for further proceedings.

## BACKGROUND

### I. Factual Background

Between 2012 and 2017, Purcell operated a commercial sex business, recruiting women from across the country to work as prostitutes. As part of the operation, he coordinated their interstate travel to perform commercial sex work. While he resided primarily on Long Island, New York, the women who worked for him traveled to at least fourteen states in connection with his prostitution business: Alabama, Arizona, California, Colorado, Connecticut, Florida, Nevada, New York, North Carolina, Pennsylvania, Tennessee, Texas, Utah, and Virginia.

The facts with respect to one alleged victim, Samantha Vasquez, are of particular relevance to Purcell's argument on appeal. Although Vasquez did not testify at trial, the government presented documentary evidence, including hotel receipts, social media

messages, and online advertisements, showing that she worked for Purcell as a prostitute between November 2016 and June 2017. The record also places her in several specific locations in connection with this work, including: Brooklyn, New York; Raleigh, North Carolina; Virginia Beach, Virginia; and San Jose, California. But, as we concluded when the matter was before us previously on direct appeal, "nothing in the record suggests that Vasquez actually or necessarily set foot in the Southern District [of New York] in connection with her work for Purcell." *United States v. Purcell*, 967 F.3d 159, 189 (2d Cir. 2020).

## II.     Procedural Background

Purcell was indicted in 2018 and charged with five counts: enticement to engage in unlawful sexual activity, in violation of 18 U.S.C. §§ 2422(a) and 2 (Count One); transporting individuals in interstate commerce to engage in prostitution, in violation of 18 U.S.C. §§ 2421(a) and 2 (Count Two); using facilities of interstate commerce to promote unlawful activity, in violation of 18 U.S.C. §§ 1952(a)(3) and 2 (Count Three); conspiring to use interstate commerce to promote unlawful activity, in violation of 18 U.S.C. § 371 (Count Four); and sex trafficking by force, fraud, and coercion, in violation of 18 U.S.C. §§ 1591(a)(1), (a)(2), and 2 (Count Five). After his arrest, Purcell filed a motion to dismiss the indictment. He argued, without success, that all charges should be dismissed for improper venue.

A jury convicted Purcell on all counts and returned a special verdict sheet. On Count One, the jury found him guilty of enticing three victims—including Vasquez—to engage in unlawful sexual activity. On Count Two, the jury found him guilty of transporting

5

one victim—Vasquez—in interstate commerce to engage in prostitution, but not guilty with respect to another alleged victim.[1] After the verdict, Purcell's trial counsel preserved his venue challenge as to all counts, moving for a judgment of acquittal because "the prosecution failed to adduce sufficient evidence to establish venue as to each count." The district court denied this motion.

The court sentenced Purcell to a term of 216 months' imprisonment, which consisted of 216 months' imprisonment on Count One; 120 months' imprisonment on Count Two; 60 months' imprisonment on Counts Three and Four; and 216 months' imprisonment on Count Five, all to run concurrently.

On direct appeal, Purcell was represented by Yuanchung Lee of the Federal Defenders of New York, Inc.'s Appeals Bureau, who raised a variety of arguments. For Count One, he argued that the government's evidence was insufficient on two grounds: (1) no evidence existed that Purcell persuaded or enticed Vasquez to travel for prostitution; and (2) no reasonable juror could conclude that venue was proper in the Southern District of New York. As to Count Two, he similarly argued that insufficient evidence existed to find Purcell guilty of transporting Vasquez, but he did not raise a venue challenge.

Reviewing the direct appeal, a prior panel of this Court reversed Purcell's conviction as to Count One and affirmed his conviction as to the remaining counts. *Purcell*, 967 F.3d at 167. In

---

[1] It also found him guilty of Counts Three and Four. On Count Five, the jury found him guilty of sex trafficking one victim by force, fraud, and coercion, but found him not guilty with respect to another alleged victim.

6

particular, we held that "no reasonable jury could conclude, even by a mere preponderance of the evidence, that venue for Count One was proper in the Southern District of New York with respect to any of the[] three victims"—including Vasquez. *Id.* at 187. As this Court explained, "[b]oth the Sixth Amendment and Federal Rule of Criminal Procedure 18 require that defendants be tried in the district where their crime was 'committed.'" *Id.* at 186 (quoting *United States v. Ramirez*, 420 F.3d 134, 138 (2d Cir. 2005)). When "a defendant is charged with multiple crimes in a single indictment, the government must satisfy venue with respect to each charge," for which it bears the burden of proof by a preponderance of the evidence. *Id.* (quoting *United States v. Davis*, 689 F.3d 179, 185 (2d Cir. 2012)). Further, "[v]enue is proper only where the acts constituting the offense—the crime's essential conduct elements—took place." *Id.* (quotation marks and citation omitted).

On Count One (enticement to engage in unlawful sexual activity), we held that "both the defendant's act of enticement and the victim's interstate travel to perform commercial sex work in response to such enticement constitute conduct that is essential to the offense." *Id.* But the government "failed to present sufficient evidence of venue in the Southern District of New York" on either front. *Id.* at 167. First, with respect to enticement, "no reasonable jury could find . . . that Purcell committed within the Southern District of New York any conduct essential to the offense[.]" *Id.* at 190. Second, the government had not shown that Vasquez "engaged in sex work or interstate travel for purposes of prostitution in [the] district (or even [was] recruited to do so in [the] district) as a result of Purcell's enticements." *Id.*

7

Taken together, "the government's theory of venue [was] entirely speculative." *Id.* at 189.

As for Count Two (transporting Vasquez in interstate commerce to engage in prostitution), we declined to opine on venue. Although Purcell had argued below that there was insufficient evidence of venue on both counts, thereby preserving the issue, on appeal he did "not challenge venue with respect to Count Two" so we "treat[ed] any such argument as abandoned." *Id.* at 190 n.16.

Purcell's appellate counsel filed a petition for panel rehearing or rehearing en banc. Relevant here, counsel explained that he had simply "neglected to contest venue on Count [Two]." App'x at 125. He stated that his own "failure to raise a clearly winning argument is inexcusable (and likely constitutionally deficient)." *Id*. And he averred that "[t]here was no strategic reason for challenging venue on Count [One] but not Count [Two]—counsel just overlooked it." *Id*. at 125–26. We subsequently denied the petition.

On remand, the district court reimposed Purcell's original sentence of 216 months' imprisonment. Purcell, proceeding pro se, then filed a federal habeas petition pursuant to 28 U.S.C. § 2255. The court appointed him new counsel who filed supportive briefing.

The district court denied Purcell's habeas petition. It concluded, in relevant part, that "[a]ppellate counsel made the entirely reasonable decision to focus his challenge to Count Two on the issue of the sufficiency of the evidence." *Purcell v. United States*, Nos. 22cv4802, 18CR81-1, 2023 WL 4763957, at *6 (S.D.N.Y. July 26, 2023); *see id*. ("While counsel omitted the venue challenge to Count Two, counsel otherwise pursued challenges to Purcell's conviction

8

that, if meritorious, would have had a substantial impact on [] Purcell's conviction and sentence."). Counsel's legal strategy, the court found, did "not amount to deficient performance[.]" *Id.*

This appeal followed. On January 17, 2024, we granted Purcell a certificate of appealability, limited to "whether the district court erred in denying Appellant's claim that his appellate counsel was ineffective for not challenging venue as to Count Two on direct appeal." App'x at 239.

## DISCUSSION

Purcell argues that he received ineffective assistance of counsel, in violation of the Sixth Amendment, when his appellate counsel challenged venue as to Count One but not Count Two. The government responds that this Court need not reach the merits at all because Purcell's 120-month sentence on Count Two runs concurrently with an unchallenged 216-month sentence on Count Five, so any error is harmless. Alternatively, it argues that Purcell cannot meet the "heavy burden" of overturning his conviction on ineffective-assistance-of-counsel grounds. Gov't Br. at 23 (quoting *United States v. Gaskin*, 364 F.3d 438, 468 (2d Cir. 2004)).

"Overall, we review *de novo* a district court's denial of a § 2255 motion[.]" *McCloud v. United States*, 987 F.3d 261, 264 (2d Cir. 2021). We also review ineffective-assistance-of-counsel claims *de novo*. *United States v. Melhuish*, 6 F.4th 380, 392 (2d Cir. 2021).

## I. Concurrent Sentence Doctrine

"Under the concurrent sentence doctrine, a court may decline to consider a challenge to a conviction for which an appellant's

9

sentence runs concurrently with that for another, valid conviction." *Al-'Owhali v. United States*, 36 F.4th 461, 466 (2d Cir. 2022) (quotation marks omitted). This doctrine, "premised on the same principle underlying . . . harmless error," *Kassir v. United States*, 3 F.4th 556, 561 (2d Cir. 2021), is a "discretionary doctrine rooted in judicial convenience," *id.* at 568.

On direct review, the Supreme Court has effectively "abolished the concurrent sentence doctrine" with respect to federal convictions. *Al-'Owhali*, 36 F.4th at 466 (quotation marks omitted); *see Ray v. United States*, 481 U.S. 736 (1987) (per curiam). But we "regularly apply" it "in direct appeals where a defendant challenges only the length of one concurrent sentence, rather than the legality of a conviction underlying that sentence." *Kassir*, 3 F.4th at 562.

On collateral review, the concurrent sentence doctrine is sometimes available in challenges to either a sentence or a conviction under 28 U.S.C. § 2255. *Al-'Owhali*, 36 F.4th at 466. We have discretion to apply the doctrine when "(1) the collateral challenge will have no effect on the time the prisoner must remain in custody and (2) the unreviewed conviction will not yield additional adverse collateral consequences." *Id.* at 467. "In this context, it has been said that the court must foresee *with reasonable certainty* that the defendant will suffer no adverse collateral consequences from the court's decision to leave his conviction and sentence unreviewed." *Id.* at 467–68 (cleaned up).

In reviewing possible collateral consequences, we look to the *Vargas* factors. *See United States v. Vargas*, 615 F.2d 952, 959–60 (2d Cir. 1980). These include "the unreviewed conviction's effect on the

petitioner's eligibility for parole, the future application of recidivist statutes for a future offense by the petitioner, the petitioner's credibility in future trials, the possibility of pardon, and societal stigma of a conviction[.]" *Kassir*, 3 F.4th at 568. If any factor is present, review of the merits of the claim is appropriate. *Al-'Owhali*, 36 F.4th at 468.

Here, we decline the government's invitation to dispose of this case by applying the concurrent sentence doctrine.

First, we cannot say that Purcell's challenge to Count Two will have "no effect" on the time that he will remain in custody. *Id.* at 467; *see also Gomez v. United States*, 87 F.4th 100, 107 (2d Cir. 2023). After all, a district court at resentencing can consider new information, including "evidence of the defendant's postsentencing rehabilitation[.]" *Pepper v. United States*, 562 U.S. 476, 481 (2011). We also reject the government's argument that Purcell's new sentence would be "entirely unaffected" by vacatur of Count Two. Gov't Br. at 34. Although the district court declined to reduce his sentence after vacating Count One, it does not inevitably follow that Purcell would receive the same sentence after the vacatur of Counts One *and* Two.

Second, even if his challenge to Count Two would not affect his remaining time in custody, we cannot "foresee *with reasonable certainty*" that Purcell will suffer no collateral consequences from a decision to withhold review. *Al-'Owhali*, 36 F.4th at 467 (quotation marks omitted). Unlike our recent cases invoking the concurrent sentence doctrine in the § 2255 context, Purcell is not serving one or more concurrent life sentences. *See, e.g.*, *Kassir*, 3 F.4th at 561 (applying the doctrine where a defendant was "not challenging his

11

two concurrent life sentences"); *Al-'Owhali*, 36 F.4th at 467 (applying the doctrine where a defendant was "serving 264 concurrent life sentences, . . . none of which he challenges").[2]  Purcell is instead serving a 216-month sentence.  Thus, in contrast to a defendant who will "be in prison for the rest of his life," it is not "hard to imagine how [Purcell] might . . . face the prospect of an increased sentence under a recidivist statute for a future offense."  *Kassir*, 3 F.4th at 568 (quotation marks omitted); *cf. Al-'Owhali*, 36 F.4th at 468. Accordingly, we conclude the concurrent sentence doctrine ought not apply.  We therefore address the merits of the challenge to the Count Two conviction.

## II.  Ineffective Assistance of Counsel

The Sixth Amendment guarantees criminal defendants "the right to the effective assistance of counsel."  *Strickland v. Washington*, 466 U.S. 668, 686 (1984) (quotation marks omitted).  To prevail on an ineffective-assistance-of-counsel claim, "a habeas petitioner must satisfy a two-part test.  First, he must show that his attorney's performance 'fell below an objective standard of reasonableness,' and second, he must show that there is a 'reasonable probability' that but for counsel's error, the outcome would have been different[.]"  *Mayo*, 13 F.3d at 533 (quoting *Strickland*, 466 U.S. at 688, 694).

With respect to the first prong, a "fair assessment of attorney

---

[2] Indeed, the government has not pointed to a single precedential case applying the concurrent sentence doctrine where a defendant challenged his conviction while serving a non-life sentence.  The cases it points to either pre-date *Ray v. United States*, 481 U.S. 736 (1987), and *United States v. Vargas*, 615 F.2d 952 (2d Cir. 1980), or involve challenges to the length of a sentence rather than the legality of a conviction.  *See* Gov't Br. at 19 n.3.

performance requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time." *Strickland*, 466 U.S. at 689. As for the second prong, a prejudice determination "may be made with the benefit of hindsight." *Mayo*, 13 F.3d at 534.

"Although the *Strickland* test was formulated in the context of evaluating a claim of ineffective assistance of trial counsel, the same test is used with respect to appellate counsel." *Id.* at 533.

## A. Performance Prong

The performance prong requires courts to review whether counsel's conduct met "prevailing professional norms." *Lynch v. Dolce*, 789 F.3d 303, 311 (2d Cir. 2015). In the appellate context, "a petitioner may establish constitutionally inadequate performance if he shows that counsel omitted significant and obvious issues while pursuing issues that were clearly and significantly weaker." *Mayo*, 13 F.3d at 533. Although "counsel has no duty to raise every non-frivolous issue that could be raised," *Lynch*, 789 F.3d at 311, "relief may be warranted when a decision by counsel cannot be justified as a result of some kind of plausible . . . strategy," *Jackson v. Leonardo*, 162 F.3d 81, 85 (2d Cir. 1998). For example, failing to advance an argument may constitute objectively unreasonable performance if the omission "cannot be explained convincingly as resulting from a sound . . . strategy, but instead arose from oversight." *Cornell v. Kirkpatrick*, 665 F.3d 369, 379 (2d Cir. 2011) (quoting *Wilson v. Mazzuca*, 570 F.3d 490, 502 (2d Cir. 2009)); *cf. Pavel v. Hollins*, 261 F.3d 210, 218 (2d Cir. 2001) (defining a "strategic" decision as a "conscious,

13

reasonably informed decision made by an attorney with an eye to benefitting his client").

Purcell now argues that his appellate counsel's performance "fell below an objective standard of reasonableness," *Strickland*, 466 U.S. at 688, for failing to challenge venue with respect to Count Two on direct appeal. We agree.

"A defendant in a criminal case has the right to be tried in the district where the crime was 'committed.'" *United States v. Lange*, 834 F.3d 58, 68 (2d Cir. 2016) (first quoting U.S. Const. amend. VI; and then citing Fed. R. Crim. P. 18). "For each count of an indictment, the government bears the burden of proving by a preponderance of the evidence that venue is proper." *United States v. Thompson*, 896 F.3d 155, 171 (2d Cir. 2018). Relevant here, the government was required to prove that venue was proper in the Southern District of New York as to Count Two, which charged Purcell with "knowingly transport[ing] an[] individual in interstate . . . commerce . . . with intent that such individual engage in prostitution." 18 U.S.C. § 2421(a). "A defendant will be deemed to have transport[ed] an individual under Section 2421 where evidence shows that the defendant personally or through an agent performed the proscribed act of transporting." *United States v. Mi Sun Cho*, 713 F.3d 716, 720 (2d Cir. 2013) (quotation marks omitted).

We find that the failure to object to venue as to Count Two constituted objectively unreasonable performance because counsel omitted a "significant and obvious" issue while "pursuing issues that were clearly and significantly weaker." *Mayo*, 13 F.3d at 533.

The omitted venue argument was "significant" because, as

14

discussed below, it would have resulted in the reversal of his conviction as to Count Two. Since defendants are "entitled to . . . prosecution in a lawful venue," *United States v. Brennan*, 183 F.3d 139, 149 (2d Cir. 1999), improper venue constitutes reversible error, *United States v. Bozza*, 365 F.2d 206, 221 (2d Cir. 1966); *see also United States v. Zeuli*, 137 F.2d 845, 847 (2d Cir. 1943). Moreover, although the government argues that a successful challenge to Count Two would be a "pyrrhic victory" as it does not impact Purcell's remaining counts, Gov't Br. at 32, this point is immaterial. The failure to raise an appellate argument may constitute ineffective performance even if the error does not "affect most of the counts of conviction." *Lynch*, 789 F.3d at 314; *see Cornell*, 665 F.3d at 383 (granting habeas relief only as to the "portion of the indictment" where venue was improper).

The omitted venue argument was also "obvious" because it was evident on the face of the trial record. *Lynch*, 789 F.3d at 314. Indeed, viewed at the time of Purcell's direct appeal, the government had plainly failed to meet its burden with respect to Count Two. Purcell's conviction rested entirely on the transportation of a single victim: Vasquez. But the government did not call Vasquez to testify at trial. It instead presented social media messages, hotel receipts, and online advertisements to show that Vasquez worked for Purcell as a prostitute in various locations—none in the Southern District of New York. The government also adduced no evidence that Vasquez ever set foot in the Southern District during the seven months that she worked for Purcell. Nor did it present evidence indicating who financed Vasquez's transportation, which modes of transportation

15

she used, whether or not she traveled with Purcell, or if Purcell ever entered the Southern District in connection with her travel. And, if nothing else, counsel's own briefing highlights just how obvious a venue argument was on direct appeal. Considering "counsel's perspective at the time," *Strickland*, 466 U.S. at 689, it bears noting that counsel developed a Count One venue argument while entirely neglecting a parallel—and equally strong—venue challenge to Count Two. Thus, even without the luxury of hindsight, counsel "fail[ed] to raise a well-established, straightforward, and obvious" venue claim. *Jackson*, 162 F.3d at 85.

Rather than challenge venue on Count Two, counsel "pursu[ed] issues that were clearly and significantly weaker." *Mayo*, 13 F.3d at 533. He instead argued that the government had failed to present sufficient evidence that Purcell "knowingly transport[ed]" Vasquez "with intent that [she] engage in prostitution." 18 U.S.C. § 2421(a). As counsel observed, the government presented no evidence that Purcell drove Vasquez across state lines or purchased airline tickets on her behalf. But the record makes clear that Purcell coordinated Vasquez's hotel accommodations across the country and determined where and when she would engage in prostitution.[3] Counsel's arguments notwithstanding, we have upheld 18 U.S.C.

_____

[3] For example, the record reflects that Purcell instructed his co-defendant to book hotels for Vasquez in Brooklyn, New York (from November 9–10, 2016); Raleigh, North Carolina (from December 12–14, 2016); Virginia Beach, Virginia (from December 14–16, 2016); and San Jose, California (from December 16–18, 2016), which all corresponded to online advertisements for her services. Further, both Vasquez and Purcell stayed in Virginia Beach on December 14–16, they both traveled to California on December 16, and they both stayed in San Jose on December 16–18.

16

§ 2421(a) convictions under similar circumstances. In *United States v. Mi Sun Cho*, for example, a defendant argued that he had not violated § 2421(a) because he "did not pay for [a victim's] ticket or book her passage" across state lines. 713 F.3d at 720. We disagreed, holding that there was sufficient evidence for a jury to "find the elements of the offense satisfied" because the defendant "provide[d] a prostitution job" to the victim and "prearrang[ed] the date and time on which she would travel." *Id.* at 720–21. So too here. Unlike the absent venue challenge, the argument counsel *did* pursue was no "sure winner," *Jackson*, 162 F.3d at 85, particularly because this Court was required to "sustain the jury's verdict[] so long as *any* trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *United States v. Sabhnani*, 599 F.3d 215, 241 (2d Cir. 2010) (quotation marks omitted). Thus, "[t]his is not a case in which an appellate attorney . . . chose to focus on the [sole] strong argument rather than allow the weaker ones to dilute its strength." *Jackson*, 162 F.3d at 85.

The government and the dissent speculate that Purcell's counsel made a "strategic decision[]" to omit the venue challenge in order to "prioritize other challenges[.]" Gov't Br. at 27; *see also post* at 5–6. They also contend that counsel could not raise every colorable argument "given limitations on pages of a brief[.]" *Id.* at 24; *see also post* at 6. But these arguments engage in precisely the type of hindsight reasoning that *Strickland*'s performance prong forbids. *Strickland*, 466 U.S. at 689. Viewing the record instead "from counsel's perspective at the time," *id.*, we "cannot conceive" of how challenging venue as to Count Two "could possibly have interfered with the

making of any other arguments that were available to" Purcell. *Jackson*, 162 F.3d at 85. As discussed above, counsel had already challenged venue with respect to Count One. And for good reason: the government had failed to show that Purcell either enticed Vasquez to engage in prostitution from the Southern District or that Vasquez traveled through the District. *See* 18 U.S.C. § 2422(a). Counsel's simultaneous failure to make a parallel Count Two venue challenge—as to the same victim—cannot, as the government argues, be explained away by this Court's word limits on appellate briefs. Given the identical factual record with respect to Vasquez, such a challenge could have been made succinctly.[4] Even a paragraph may have sufficed. Considering the record in totality, we therefore find that counsel's failure to raise a venue challenge did "not reflect a plausible strategy to pursue more promising grounds." *Jackson*, 162 F.3d at 85.

*Cornell v. Kirkpatrick* bolsters our conclusion. 665 F.3d 369. There, a defendant argued that his trial counsel was ineffective for failing to object to venue with respect to one count of an indictment.

---

[4] The dissent contends that counsel's omission of a Count Two venue challenge must be strategic, because such a challenge would have required "developing an argument based on a different set of facts"—namely, facts about the *victim's* movements, rather than those of the defendant. *Post* at 6. But it was clear from the record developed on Count One that the government had failed to present any evidence linking Vasquez to the Southern District of New York. So clear, in fact, that when we discussed Purcell's Count One venue challenge on direct appeal, we concluded that "nothing in the record suggests that Vasquez actually or necessarily set foot in the Southern District in connection with her work for Purcell." *Purcell*, 967 F.3d at 189. Advancing a concise Count Two venue argument based on this obvious dearth of evidence would not have required "dedicat[ing] additional pages" of the brief. *Post* at 6.

*Id.* at 383. We agreed, holding that the failure to make a venue argument "fell below an objective standard of reasonableness," *id.* at 382, because the evidence presented at trial "indisputably show[ed]" that the relevant crime occurred outside of the county where the defendant had been tried, *id.* at 378. We reasoned that counsel's decision not to object to venue could not be explained by "sound trial strategy, but instead arose from oversight" because counsel "swore an affidavit" stating that he had not researched the relevant law. *Id.* at 379 (quotation marks omitted). And we inferred that counsel "would have objected to venue had he known the relevant law." *Id.* Finally, although we recognized that "there is no doubt that [the defendant] may be retried" in the correct venue, we reversed the judgment below and directed the district court to issue a writ of habeas corpus. *Id.* at 384. We saw "no reason to speculate on a second trial's outcome." *Id.*

This case is no different. Purcell's counsel filed a petition in this Court representing that he had "neglected to contest venue" on Count Two and that he had "no strategic reason" for doing so. App'x at 125–26. The record similarly provides no basis to doubt counsel's candor with the Court.[5] Because "courts may not indulge *post hoc* rationalization for counsel's decisionmaking that contradicts the available evidence of counsel's actions," *Harrington v. Richter*, 562 U.S. 86, 109 (2011) (quotation marks omitted), we find that Purcell has met

---

[5] *See also* Fed R. Civ. P. 11(b)(3) ("By presenting to the court a pleading, written motion, or other paper . . . an attorney . . . certifies that to the best of the person's knowledge . . . the factual contentions have evidentiary support[.]); Model Rules of Pro. Conduct r. 3.3(a)(1) (A.B.A. 2024) ("A lawyer shall not knowingly . . . make a false statement of fact or law to a tribunal[.]").

his burden to show that his counsel failed to challenge venue due to "sheer neglect" rather than for "tactical reasons," *Yarborough v. Gentry*, 540 U.S. 1, 8 (2003).

Our "usual practice is to remand *Strickland* cases to the district court to permit the attorney in question to testify and explain his actions." *Farhane v. United States*, 121 F.4th 353, 375 (2d Cir. 2024) (en banc) (cleaned up).  But "[n]o such remand is required" when "the record on . . . direct appeal . . . includes an explanation by counsel negating the possibility that the omission was a strategic choice." *Brown v. United States*, 167 F.3d 109, 110 (2d Cir. 1999).  It is therefore not required here.

**B. Prejudice Prong**

To succeed, Purcell must also show that he was prejudiced by his counsel's deficient performance.  *Strickland*, 466 U.S. at 687.  "[W]ith the benefit of hindsight," *Mayo*, 13 F.3d at 534, we find that he has.

To meet the prejudice prong, a "defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of *the proceeding* would have been different." *Strickland*, 466 U.S. at 694 (emphasis added).  Importantly, in the appellate context, the relevant proceeding is the appeal itself.  *See Lynch*, 789 F.3d at 311 ("To establish prejudice in the appellate context, a petitioner must show that, had his claim been raised on appeal, there is a reasonable probability that it would have succeeded before the [relevant] court."); *Mayo*, 13 F.3d at 534.  We thus reject the government's argument that the prejudice inquiry hinges on a defendant's ultimate "term of imprisonment" after remand, Gov't Br.

at 33, rather than the outcome of the appellate proceeding.

But for Purcell's appellate counsel's failure to raise a venue challenge on Count Two, there is a reasonable probability that the outcome of his direct appeal would have been different. Indeed, rather than find that he had abandoned any such challenge, *see Purcell*, 967 F.3d at 190 n.16, we would likely have reversed his conviction as to Count Two. As we held on direct appeal, "nothing in the record suggests that Vasquez actually or necessarily set foot in the Southern District [of New York] in connection with her work for Purcell." *Id.* at 189. The government's theory of venue as to *both* Counts One and Two is "entirely speculative." *Id.* And no reasonable jury could have found by a preponderance of the evidence that "either Purcell or Vasquez committed conduct essential to the crime" within the Southern District. *Id.* Accordingly, Purcell has met his burden.

## CONCLUSION

The judgment of the United States District Court for the Southern District of New York is **REVERSED** and **REMANDED** for further proceedings consistent with this Opinion.

PARK, *Circuit Judge*, dissenting:

Attorneys cannot declare their performance constitutionally deficient by throwing themselves under the bus for failing to raise a winning argument. The majority credits counsel's representation that "he had 'neglected to contest venue' on Count Two and that he had 'no strategic reason for doing so,'" even though the record suggests otherwise. In doing so, the majority misapplies the deficient-performance analysis under *Strickland v. Washington*, 466 U.S. 668 (1984), which "calls for an inquiry into the objective reasonableness of counsel's performance, not counsel's subjective state of mind." *Harrington v. Richter*, 562 U.S. 86, 110 (2011). Here, it was not objectively unreasonable for Lavellous Purcell's appellate counsel to forgo a venue challenge to one count (out of five) with a lesser concurrent sentence and to focus instead on other arguments on the counts with the longest sentences. I would affirm the district court's judgment that counsel's performance was not constitutionally deficient.

## I

Purcell recruited victims from across the country and sold them for sex using threats of violence. He branded some of his victims with a tattoo bearing his "pimp" name and bragged about using violence to "break" women. As part of this sex-trafficking ring, Purcell traveled with his victims around the country to force them into prostitution—including trips from his base in Long Island to at least fourteen states. Relevant here, Purcell trafficked Samantha Vazquez from Long Island to North Carolina, Virginia, and California.

## A

A jury convicted Purcell on five counts: (1) enticement to engage in unlawful sexual activity, in violation of 18 U.S.C. §§ 2422(a) and 2; (2) transporting individuals in interstate commerce to engage

in prostitution, in violation of 18 U.S.C. §§ 2421(a) and 2; (3) use of interstate commerce to promote unlawful activity, in violation of 18 U.S.C. §§ 1952(a)(3) and 2; (4) conspiracy to use interstate commerce to promote unlawful activity, in violation of 18 U.S.C. § 371; and (5) sex trafficking by force, fraud, or coercion, in violation of 18 U.S.C. §§ 1591(a)(1), (a)(2), and 2.

Judge Cote sentenced Purcell to 216 months' imprisonment on Count Five—sex trafficking by force, fraud, and coercion—which carries a 180-month mandatory minimum. She imposed a concurrent sentence of equal length on Count One. And she imposed shorter, concurrent sentences on the other counts, including 120 months' imprisonment on Count Two.

**B**

Purcell's counsel, Yuanchung Lee of the Federal Defenders' appeals unit, raised five points on appeal. Some of those arguments, if successful, would have required a new trial, vacated all counts of conviction with prejudice, or eliminated the counts carrying the longest terms of imprisonment. For example, Mr. Lee devoted 16 pages (out of 54 pages of argument) to a Fourth Amendment argument that would have sent the case back for a new trial. *See* App'x at 51-66. He used over 6 pages for a Confrontation Clause challenge that would have wiped away all five counts. *See id.* at 98-104. And he spent another 11 pages challenging the sufficiency of the evidence on Count Five, which, along with Count One, carried the longest sentence. *See id.* at 88-98.

Mr. Lee also argued that the evidence did not support venue on Count One in the Southern District of New York. Even though the jury found that Purcell had enticed all three victims to engage in unlawful sexual activity across state lines, including travel to and from Long Island, he contended that there was no evidence that

2

Purcell committed any of the offense conduct in Manhattan.  App'x at 77.  That argument, though hardly obvious, turned out to be the only winner.  *See United States v. Purcell*, 967 F.3d 159, 190 (2d Cir. 2020).  We did not address potential venue problems with Count Two because Mr. Lee had abandoned that argument.  *Id.* at 190 n.16.

In a petition for rehearing en banc, Mr. Lee lamented that his "failure to raise a clearly winning argument [was] inexcusable (and likely constitutionally deficient)" and insisted that "[t]here was no strategic reason for challenging venue on Count 1 but not Count 2." App'x at 125.  We denied that petition.

On remand, the district court imposed the same sentences on the remaining counts, including 216 months on Count Five.  Judge Cote denied Purcell's request for a lower sentence, explaining that her original sentence "was appropriate in the circumstances, both addressing [Purcell] as an individual, including issues of recidivism and deterrence and also the larger framework."  Dist. Ct. Dkt. 133 at 11-12.

## C

Purcell petitioned for habeas relief.  He argued that Mr. Lee's performance was constitutionally deficient for failing to challenge venue on Count Two.  The district court denied relief because Mr. Lee had "made the entirely reasonable decision to focus his challenge to Count Two" on other grounds.  App'x at 235.  "While counsel omitted the venue challenge to Count Two, counsel otherwise pursued challenges to Purcell's conviction that, if meritorious, would have had a substantial impact on Purcell's conviction and sentence."  *Id.*  It concluded that "[t]his does not amount to deficient performance under *Strickland*."  *Id.*

3

## II

I would affirm because the district court correctly concluded that Mr. Lee's performance was not *objectively* deficient.

## A

To prevail on a claim of ineffective assistance of counsel, a "defendant must show that counsel's representation fell below an objective standard of reasonableness." *Strickland*, 466 U.S. at 688. "A fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time." *Id.* at 689.

"Judicial scrutiny of counsel's performance must be highly deferential." *Id.* "[A] court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action might be considered sound [appellate] strategy." *Id.* (quotation marks omitted). "[I]t is not sufficient for the habeas petitioner to show merely that counsel omitted a nonfrivolous argument. Counsel is not obliged to advance every nonfrivolous argument that could be made." *Aparicio v. Artuz*, 269 F.3d 78, 95 (2d Cir. 2001). "When counsel focuses on some issues to the exclusion of others, there is a strong presumption that he did so for tactical reasons rather than through sheer neglect." *Yarborough v. Gentry*, 540 U.S. 1, 8 (2003).

## B

Mr. Lee's decision to focus on high-value arguments, rather than to challenge venue on Count Two, was objectively reasonable.

Failing to raise a meritorious argument does not rise to constitutional deficiency, whether due to strategic prioritization or

4

simple oversight. In light of this Court's word limits, appellate lawyers have to decide which arguments to make and which to abandon. "Experienced advocates since time beyond memory have emphasized the importance of winnowing out weaker arguments on appeal and focusing on one central issue if possible, or at most on a few key issues." *Jones v. Barnes*, 463 U.S. 745, 751-52 (1983). "A brief that raises every colorable issue runs the risk of burying good arguments—those that . . . go for the jugular—in a verbal mound made up of strong and weak contentions." *Id.* at 752 (cleaned up).

Mr. Lee moved to file an oversized brief to advance more arguments. He stated that he "made substantial efforts to cut the brief down to include only what is absolutely essential to represent Mr. Purcell effectively given the claims raised." We granted the motion, permitting Mr. Lee to file a 19,000-word brief. But even then, he had to leave arguments on the cutting-room floor.

Like any skilled defense counsel, Mr. Lee reasonably chose to focus on arguments with the greatest expected return for his client. For example, Purcell would have enjoyed a new trial with less incriminating evidence if Mr. Lee's Confrontation Clause and Fourth Amendment challenges had succeeded in vacating all counts of conviction. And his sentence would be dramatically shorter if Mr. Lee's attacks on Count Five—carrying 216 months' imprisonment and a 180-month mandatory minimum (five years longer than the Count Two sentence)—had prevailed.

Vacatur of Count Two, by contrast, had little upside. First, eliminating Count Two was unlikely to result in any reduction of Purcell's overall sentence as long as either of the 216-month sentences on Counts One or Five stood. Indeed, Purcell's appellate win on his venue challenge to Count One resulted in no change to his sentence on remand. Second, unlike Mr. Lee's other sufficiency arguments, venue dismissals are without prejudice. *See Smith v. United States*, 599

5

U.S. 236, 254 (2023). So the government would have been free to retry Purcell on Counts One and Two in the Eastern District of New York. Those venue arguments thus carried less value.

The majority contends that Mr. Lee had already challenged venue as to Count One, so his failure to include a similar challenge to Count Two cannot be explained by word limits or strategic considerations. *Ante* at 16-18. But counsel's venue argument on Count One—which charged Purcell with enticement to engage in unlawful sexual activity—focused only on where *Purcell's* conduct occurred, not on where *his victims* travelled. By contrast, a venue challenge to Count Two—which charged Purcell with unlawful transportation of individuals to engage in prostitution—would have required counsel to contest the government's position that the victim necessarily travelled through the Southern District of New York. Mr. Lee chose not to dedicate additional pages developing an argument based on a different set of facts.[1] So the notion that Mr. Lee simply overlooked the venue issue is inconsistent with "the available evidence of counsel's actions." *Harrington*, 562 U.S. at 109.

Finally, counsel's omission did not involve an "obvious" issue. *Mayo v. Henderson*, 13 F.3d 528, 533 (2d Cir. 1994) ("[A] petitioner may establish constitutionally inadequate performance if he shows that counsel omitted significant and *obvious* issues." (emphasis added)). Obviousness may not turn on the "distorting effects of hindsight." *Strickland*, 466 U.S. at 689. Instead, "counsel's failure to raise a 'dead-

---

[1] *See* App'x at 81 ("That the victim may have traveled in or through the Southern District is irrelevant [to the venue issue]."); Purcell Reply Br., No. 19-238-cr, Dkt. 70, at 17 ("[T]he Government relies on evidence that [the victim] worked for Mr. Purcell as a prostitute . . . which 'required traveling' through the S.D.N.Y. But this is irrelevant. The question is whether Mr. Purcell <u>enticed</u> Vasquez in that district, not whether he or she engaged in other conduct there." (citation omitted)).

bang winner' on appeal—an issue that is both *obvious from the trial record*, and one which would have resulted in reversal on appeal—constitutes ineffective assistance." *Hawkins v. Hannigan*, 185 F.3d 1146, 1152 (10th Cir. 1999) (emphasis added).

Here, a grand jury, a jury, and an experienced trial judge found venue established in the Southern District of New York. With the benefit of hindsight, the venue issue on Count One may seem obvious.[2] But that was not the case in real-time. Trial counsel's Rule 29/Rule 33 motion mentioned venue only in passing, and Judge Cote denied that motion the same day, suggesting that the argument was no "dead-bang winner."[3] In other words, "[t]he issues counsel omitted were not so clearly more persuasive than those he discussed that their omission can only be attributed to a professional error of constitutional magnitude." *Yarborough*, 540 U.S. at 9.

---

[2] Even then, our Court found venue lacking as to Ms. Vasquez because the government failed to adduce evidence that she travelled through the Southern District of New York. *Purcell*, 967 F.3d at 188-89. As noted above, this was not Mr. Lee's argument—he asserted that Ms. Vasquez's travels were irrelevant. In other words, the issue was not obvious from "counsel's perspective at the time." *Strickland*, 466 U.S. at 689.

[3] Tellingly, the majority's discussion of obviousness does not mention that the district judge squarely addressed counsel's argument, much less state that her assessment was obviously wrong. *See ante* at 14-20. Instead, the majority argues that this case is like *Cornell v. Kirkpatrick*, 665 F.3d 369 (2d Cir. 2011). But in that case, "at the time of trial, the prosecutor, Cornell's counsel, and the trial court were all ignorant of the fact that . . . the New York Court of Appeals had limited the applicability of" a criminal venue rule. *Id.* at 373. Counsel failed to raise this because he "did not research the relevant law." *Id.* at 384. Here, Mr. Lee was aware that he could contest the government's evidence relating to Ms. Vasquez's travels, but decided to pursue a different argument. *See supra* at 6.

In sum, Mr. Lee's representation was not objectively unreasonable.  To the contrary, he filed an oversized brief focusing on arguments that were likely to free Purcell or slash his term of imprisonment.  As a skilled appellate lawyer must, Mr. Lee chose to pursue arguments with the best bang for the buck.

### III

Mr. Lee's lawyering was objectively reasonable based on the record before the district court.  The majority erroneously concludes that his failure to challenge venue on Count Two was sheer neglect and constitutionally deficient.  Like the district court, I think counsel made an entirely reasonable decision to focus his appeal on other arguments.  I respectfully dissent.